## STATE v. WILLIAM A. GWARA, ALSO KNOWN AS BILLY 'ANDERSON.

247 N. W. 2d 417.

November 12, 1976—No. 46678.

---

*Scanlan & Carlson* and *John J. Scanlan,* for appellant.

*Pierre Regnier,* City Attorney, and *Thomas R. Hughes,* Assistant City Attorney, for respondent.

Considered and decided by the court without oral argument.

SCOTT, JUSTICE.

This case is before the court on a discretionary pretrial appeal by defendant, William A. Gwara, from an order of the Ramsey County Municipal Court denying a motion to dismiss a pending prosecution of defendant for a misdemeanor charge of indecent exposure, Minn. St. 617.23.[1] Reversing the order, we hold that the double jeopardy clause of the United States Constitution bars defendant's pending trial.

The arrest and commencement of prosecution of defendant in this case occurred in April 1975, before the Rules of Criminal Procedure became effective. Mistakenly believing that they applied to this case, the prosecutor, acting pursuant to Rule 23.04,[2] sought to have the charge reduced from a misdemeanor to a petty misdemeanor. Defendant opposed this motion because

---

[1] Minn. St. 617.23 provides as follows: "Every person who shall wilfully and lewdly expose his person, or the private parts thereof, in any public place, or in any place where others are present, or shall procure another to so expose himself, and every person who shall be guilty of any open or gross lewdness or lascivious behavior, or any public indecency other than hereinbefore specified, shall be guilty of a misdemeanor, and punished by a fine of not less than $5, or by imprisonment in a county jail for not less than ten days.

"Every person committing the offense herein set forth, after having once been convicted of such an offense in this state, shall be guilty of a gross misdemeanor."

The charge in this case arose out of defendant's arrest for a nude dance he allegedly performed at a St. Paul bar.

[2] Rule 23.04, Rules of Criminal Procedure, effective July 1, 1975, provides as follows: "If at or before the time of arraignment or trial on an alleged misdemeanor violation, the prosecuting attorney certifies to the court that in his opinion it is in the interests of justice that the defendant not be incarcerated if convicted, the alleged offense shall be treated

he wanted a jury trial, something he would not be entitled to if the charge were reduced to a petty misdemeanor. The trial court granted the motion and the case proceeded to trial. Later, after jeopardy had attached, the court reversed itself and ordered a mistrial on the theory that the reduction had been improper.

As the United States Supreme Court has stated, "[I]n cases in which a mistrial has been declared prior to verdict, the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial." Illinois v. Somerville, 410 U. S. 458, 467, 93 S. Ct. 1066, 1072, 35 L. ed. 2d 425, 433 (1973). The court, in analyzing claims that the double jeopardy clause bars retrial, distinquished between mistrials granted at defendant's request or with his consent and those declared by the trial court without his consent.

If jeopardy attached and the declaration of mistrial was at defendant's request or with his consent, then the rule is that the state may retry defendant unless the mistrial was necessitated by bad-faith, intentional misconduct of the trial court or the prosecutor purposely designed to prejudice defendant's chances for an acquittal or to goad him into requesting a mistrial. On the other hand, if jeopardy attached but the mistrial was without defendant's consent, then the test is a different one—specifically, whether in the context of the trial the declaration was dictated by manifest necessity or the ends of

---

as a petty misdemeanor if the defendant consents and the court approves."

It is clear from a reading of this rule that if a defendant does not consent to the proposed charge reduction, then the court cannot grant the request and the matter must proceed to jury trial as a misdemeanor. However, on May 2, 1975, this court ordered that "for a period of one year commencing July 1, 1975, any alleged offense may be treated as a petty misdemeanor pursuant to Rule 23.04 when the prosecuting attorney certifies as required and the court approves." Defendant's failure in this case to consent to the reduction therefore would not have been an obstacle if the rule had applied.

public justice. See, United States v. Dinitz, 424 U. S. 600, 96 S. Ct. 1075, 47 L. ed. 2d 267 (1976); State v. McDonald, 298 Minn. 449, 215 N. W. 2d 607 (1974).

In this case there is nothing in the record to indicate that the defendant consented to the granting of the mistrial, and the prosecution has not submitted a brief clarifying this matter or explaining why the dictates of manifest necessity or the ends of public justice mandate a retrial of this offense. We therefore reverse the order denying the motion for dismissal.

Reversed.