Bernard ANDERSON, et al.,
Respondents,

v.

The CITY OF HOPKINS, et al.,
Petitioners, Appellants.

No. C2–86–899.

Supreme Court of Minnesota.

Sept. 19, 1986.

Jonathon P. Parrington, Minneapolis, for appellants.

Karla R. Wahl, Minneapolis, for respondents.

AMDAHL, Chief Justice.

This is a civil rights action brought by plaintiff against the City of Hopkins and two of its police officers pursuant to 42 U.S.C. § 1983. Defendants moved for summary judgment claiming that they were immune from suit under their qualified immunity recognized in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The trial court denied the motion. Relying on *Mitchell v. Forsyth*, —— U.S. ——, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), defendants appealed from the order denying summary judgment. The Court of Appeals granted the plaintiff's motion to dismiss. We granted the defendants' petition for review. Concluding that the order is an appealable order, we reverse the Court of Appeals and remand for consideration of the merits of the appeal.

In the *Mitchell* case, the Supreme Court held, *inter alia*, that the United States Circuit Court of Appeals had jurisdiction under 28 U.S.C. § 1291 over an appeal by former Attorney General John Mitchell from an order of the Federal District Court denying his claim of immunity from suit for authorizing a warrantless wire tap. The Supreme Court ruled that a decision of the district court denying summary judgment is a final one for purposes of the "final judgment" rule if the decision finally determines a claim of right "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 105 S.Ct. at 2815, quoting from *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221 at (1225–1226) 93 L.Ed. 1528 (1949). The

Court concluded that an order denying summary judgment on the ground of immunity from suit is a final judgment or order for purposes of appealability under section 1291 because the immunity is an *immunity from suit* rather than a mere defense and the immunity is effectively lost if a case is erroneously permitted to go to trial. 105 S.Ct. at 2815–17.

In an analogous context, the Supreme Court held that under 28 U.S.C. § 1291 a criminal defendant could appeal before trial from a decision of the trial court refusing to dismiss a criminal charge on the ground of double jeopardy. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The Court there reasoned that a criminal defendant could obtain post-trial vindication of the claim that he was *convicted* in violation of the double jeopardy clause but that unless pretrial review was permitted he would not be able to obtain review of his claim that being *put to trial* was barred by the double jeopardy clause. Even before *Abney*, we allowed a discretionary pretrial appeal by a criminal defendant from a pretrial order denying his motion to dismiss a charge on the ground that the double jeopardy clause barred the pending trial. *State v. Gwara*, 311 Minn. 106, 247 N.W.2d 417 (1976).

We need not decide whether *Mitchell* requires Minnesota Appellate Courts to allow pretrial appeal of an order denying a civil defendant's federal-law claim that a suit under 42 U.S.C. § 1983 should be dismissed on the ground that he is immune from suit. We believe that the *Mitchell* case is a well-reasoned case that *ought* to be followed in analogous cases in interpreting Minn.R.Civ.App.P. 103.03, without regard to whether it *must* be followed.

In summary, we conclude that the order is appealable. Accordingly, we reverse and remand the case to the Court of Appeals for consideration of the legal issue of whether defendants are immune from suit.

Reversed and remanded to the Court of Appeals.