Michael Louis **GASPARRE**, Respondent,

v.

**CITY OF ST. PAUL, et al., Appellants.**

No. C5–93–236.

Court of Appeals of Minnesota.

June 22, 1993.

Frederick J. Goetz, Timothy J. Hickman, Voss and Goetz, P.A., Minneapolis, for respondent.

Natalie E. Hudson, St. Paul City Atty., Pamela F. Hutton, Asst. City Atty., St. Paul, for appellants.

Considered and decided by HUSPENI, P.J., and DAVIES and HARTEN, JJ.

## OPINION

HUSPENI, Presiding Judge.

Respondent brought 42 U.S.C. § 1983 (1988) and state tort claims for injuries arising out of appellant police officer's use of force. Appellants moved for summary judgment on the grounds of qualified and official immunity, and appeal from the trial court's denial of relief. We affirm.

## FACTS

On the night of September 29, 1990, City of St. Paul police officers appellants David A. Sohm and Michael G. Moriarty responded to a "domestic" call at an apartment building on Grand Avenue. At the time, Sohm was a recruit in his final phase of field training. During this phase, Sohm was accompanied by Moriarty, a veteran officer in plain clothes.

As the officers approached the apartment, they heard voices on the side of the building. The officers walked along the side of the building to investigate and saw respondent Michael Louis Gasparre conversing with someone through a first floor window. The officers shone their flashlight on Gasparre, and Sohm ordered Gasparre to stay where he was. Gasparre made no attempt to flee and complied with Sohm's instruction. Moriarty moved towards the front of the building to speak with the building's occupant, and Sohm began to question Gasparre.

The events which followed are rigorously contested by the parties. According to Gasparre, Sohm instructed him to lean against the wall of the building. Gasparre complied, and as he leaned against the wall, Sohm grabbed his arm and began to push it against his back. Gasparre claims that he told Sohm he was in pain, and began to come off the wall because the pressure on his arm was causing him severe pain. According to Gasparre, Sohm kept applying greater amounts of force against his arm in order to keep him pinned to the wall. As Sohm applied greater pressure, Gasparre's arm "popped" and Gasparre fell to the ground.

Sohm and Moriarty brought Gasparre to a local hospital where he was diagnosed with three spiral fractures of his right humerus. Gasparre has offered medical evidence that such an injury was the result of a significant amount of force applied in a twisting manner during Sohm's arm hold.

## ISSUES

1. Did the trial court err in denying summary judgment on qualified immunity grounds?

2. Did the trial court err in denying summary judgment on official immunity grounds?

## ANALYSIS

### I.

Appellants claim that the trial court erred when it denied summary judgment on

the grounds of qualified immunity. We do not agree.

■ Generally, a party may not appeal an order which denies summary judgment. *See* Minn.R.Civ.App.P. 103.03 (absent certification by trial court, appeal may only be taken from final orders). However, it is well settled that a party who asserts the defense of qualified immunity may appeal a denial of summary judgment. *Gainor v. Rogers*, 973 F.2d 1379, 1382 (8th Cir.1992); *accord Anderson v. City of Hopkins*, 393 N.W.2d 363, 364 (Minn.1986).

■ State officials are entitled to qualified immunity when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Qualified immunity is denied a police officer only where "it is obvious that no reasonably competent police officer would have concluded" that his actions were legal. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986). Where officers of reasonable competence would disagree on the issue, qualified immunity should apply. *Id.* at 345, 106 S.Ct. at 1098; *McGovern v. City of Minneapolis*, 480 N.W.2d 121, 125 (Minn.App.1992), *pet. for rev. denied* (Minn. Feb. 27, 1992).

■ "The test for qualified immunity at the summary judgment stage is an objective one." *Johnson v. Hay*, 931 F.2d 456, 460 (8th Cir.1991). Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

> Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, *the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.*

*Id.* (emphasis added). In applying this standard, the evidence must be viewed in the light most favorable to the nonmoving party. *See Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981) (construing Minn. R.Civ.P. 56.03).

Appellants claim that they are entitled to summary judgment because reasonable police officers would disagree on whether Sohm's actions were reasonable. Viewing the evidence in a light most favorable to Gasparre, we conclude that the trial court properly denied summary judgment.

■ The right to make an arrest or investigatory stop "necessarily carries with it the right to use some degree of physical coercion or threat." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989). The test for reasonableness under the Fourth Amendment to the United States Constitution is not capable of precise definition and

> its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers and others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.

*Id., quoted in Dixon v. Richer*, 922 F.2d 1456, 1462 (10th Cir.1991).

■ Our analysis of the *Graham* factors indicates that a genuine issue of fact exists as to whether a reasonably competent police officer would have concluded that Sohm's actions were legal. Sohm attempted to conduct a routine weapons search of Gasparre. At most, Gasparre was suspected of disorderly conduct or a similar minor offense arising out of his argument through a first story window. Viewing the evidence, as we must, in the light most favorable to the nonmoving party, Gasparre did not make any threatening or menacing gestures towards Sohm or others. Accordingly, Sohm had no reason to believe that Gasparre posed a threat to the officers or others. Finally, Gasparre did not attempt to flee the scene or evade the search.

Instead, he complied with the officer's instructions.

According to Gasparre, immediately upon ordering him up against the wall, Sohm began to apply force to his arm—a use of force which is several steps along the force continuum delineated by the St. Paul Police Department.[1] According to Gasparre, it was only when pain caused by Sohm's arm hold grew too great to bear that Gasparre failed to comply with Sohm's instructions.

The facts alleged by Gasparre are substantially similar to those present in *Gainor*, where the trial court also denied an immunity-based award of summary judgment. *Gainor*, 973 F.2d at 1381. The plaintiff in *Gainor* argued with the arresting officer about whether the plaintiff had a constitutional right not to produce identification. According to the plaintiff, the officer "without provocation, threw him to the ground, twisted his arms, and kneeled on his back and legs to handcuff him." *Id.* at 1382. Applying the analysis set forth in *Graham*, the Eighth Circuit held that "a genuine issue of fact exists as to the reasonableness of the force used against [plaintiff] to secure his arrest." *Id.* at 1388.

■ Appellants' reliance on *Dixon*, 922 F.2d at 1462, is misplaced. In applying the analysis laid out in *Graham*, the Tenth Circuit Court of Appeals held that a police officer's kick to a plaintiff's foot may have been a "reasonable act designed to position [plaintiff's] legs for a pat down" and plaintiff's response of turning around and swearing at the officer "could reasonably have been interpreted as an act of resistance." *Id.* However, this language is dicta given the court's decision upholding the trial court's denial of summary judgment. *Id.* at 1463. The court held that the officer acted unreasonably when he kicked plaintiff again, struck plaintiff in the stomach with a flashlight and choked him. *Id.* The court went on to state: "that [plaintiff] resisted being choked and beaten does not retroactively justify it." *Id.* Likewise, we conclude that Gasparre's response to the application of excessive force does not retroactively justify that excessive force.

## II.

Appellants also claim that they are protected under the doctrine of official immunity and that the trial court erred in denying summary judgment on Gasparre's state tort claims. Again, we disagree.

■ The official immunity doctrine protects from personal liability a public official charged by law with duties that call for the exercise of judgment or discretion, unless the official is guilty of wilful or malicious wrong. *Rico v. State*, 472 N.W.2d 100, 106–07 (Minn.1991). "Generally, police officers are classified as discretionary officers entitled to that immunity." *Johnson v. Morris*, 453 N.W.2d 31, 42 (Minn.1990).

"In the official immunity context, wilful and malicious are synonymous." *Rico*, 472 N.W.2d at 107.

> Malice "means nothing more than the intentional doing of a wrongful act without legal justification or excuse, or otherwise stated, the willful violation of a known right."

*Id.* (quoting *Carnes v. St. Paul Union Stockyards Co.*, 164 Minn. 457, 462, 205 N.W. 630, 631 (1925)). Thus, the "wilful and malicious" exception to official immunity "anticipates liability only when an official intentionally commits an act that he or she then has reason to believe is prohibited." *Id.*

■ Because we conclude that there is a genuine issue of material fact as to whether any reasonably competent police officer would have concluded that Sohm's actions were legal, *see Malley*, 475 U.S. at 341, 106 S.Ct. at 1096, we conclude that there is a genuine issue of fact as to whether Sohm acted maliciously. Accordingly,

1. The "Force Continuum" included in the St. Paul Police Department training manual outlines the escalating means to be employed in controlling a suspect. In applying force to respondent's arm, Sohm "bypassed" such steps on the continuum as "persuasion, light control (advice), and heavy control (warning)," which would have been appropriate intervening steps, if needed or indicated, prior to application of physical force.

the trial court properly denied appellants' motion for summary judgment on official immunity grounds.

## DECISION

The trial court properly denied appellants' motion for summary judgment on the grounds of qualified and official immunity.

**Affirmed.**