William G. BOOP, Respondent,

v.

CITY OF LINO LAKES, Appellant,

Paula Beard, et al., Defendants.

No. C2-92-2516.

Court of Appeals of Minnesota.

July 6, 1993.

Review Denied Sept. 10, 1993.

Richard I. Diamond, Minneapolis, for respondent.

George C. Hoff, Paula A. Callies, Hoff & Allen, P.A., Eden Prairie, for appellant.

Carla Heyl, League of Minnesota Cities, Shoreview, amicus curiae, for defendants.

Considered and decided by PARKER, P.J. and FORSBERG and KLAPHAKE, JJ.

**OPINION**

KLAPHAKE, Judge.

The City of Lino Lakes (city) challenges the denial of summary judgment on the tort claims of respondent William G. Boop (Boop). In his complaint, Boop alleged the city's improper planning and failure to expeditiously remedy his neighbor's failed septic system caused water damage to Boop's property. The district court denied the city's motion for summary judgment, holding there was a genuine issue of material fact concerning the city's potential liability. The district court concluded that the city was not immune from suit under Minn.Stat. § 466.03, subd. 5 (1990), which provides immunity from liability for certain acts performed in the execution of a stat-

ute. We affirm because (1) the words "due care" in Minn.Stat. § 466.03, subd. 5, impose a negligence standard and present a question of fact, and (2) interlocutory review of the denial of summary judgment on whether the city had a special duty to Boop is inappropriate under Minn.R.Civ.App.P. 103.03.

## FACTS

When respondent Boop purchased his home in July 1985, there was standing water on his property. To resolve drainage problems, he installed a high volume pump in his basement and a 22–foot well. Boop attributed more drainage problems in 1990 to alleged actions by his neighbors, including the redirection of surface drainage from their properties to his.

In the spring of 1991, the septic system of Boop's neighbor, Paula Beard, became saturated. Boop claimed that this saturation resulted in sewage seeping into his yard and basement, a violation of the city's nuisance ordinance. The city's building official, Peter Kluegel, inspected the Beard property and requested twice by letter that Beard remedy the septic problem within 30 days pursuant to the nuisance ordinance.

On September 23, 1991, the city attorney, William Hawkins, notified Beard of possible criminal prosecution, and Beard responded by letter explaining her difficult financial circumstances. Because of a recent divorce and unpaid child support, she was unable to fix the septic system. Additionally, she had been denied economic assistance and a bank loan, and believed that foreclosure on her property was imminent.

Boop alleged that Beard's failed septic system caused his health problems and substantial property damage. Boop contacted the Anoka County Public Health Department to inspect his property. The inspection report noted that the Beard septic system had failed, but that sewage was not discharging to the surface of the ground and that excavation on Boop's property, rather than the sewage discharge, killed Boop's trees. Furthermore, the inspector did not find that a white crystalline substance on Boop's basement walls was toxic.

The inspector was "unable to pinpoint any specific cause for [Boop's] health problems."

On November 25, 1991, the Lino Lakes City Council decided to install a mound septic system on Beard's property and assess the costs to the property. Council members expressed concern that the remedial work on the Beard property would encourage other property owners to seek the city's assistance to remedy other problem properties.

## ISSUES

I. Did the district court err in denying summary judgment on whether the city was immune from liability for acts performed in the execution of a statute under Minn.Stat. § 466.03, subd. 5?

II. Should the appellate court entertain an interlocutory appeal of the district court's determination that the question of the city's special duty to protect Boop involves factual issues?

## ANALYSIS

### I. Execution of Statute Immunity

The gravamen of Boop's complaint against the city is that the city failed to exercise due care in remedying Beard's malfunctioning septic system in a timely manner. The city claims immunity under Minn.Stat. § 466.03, subd. 5. Minn.Stat. § 466.02 (1990) states:

[E]very municipality is subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary functions.

There are specific statutory exceptions to this liability:

Section 466.02 does not apply to any claim enumerated in this section. As to any such claim every municipality shall be liable only in accordance with the applicable statute and where there is no such statute, every municipality shall be immune from liability.

\*　　\*　　\*　　\*　　\*　　\*

Any claim based upon an act or omission of an officer or employee, exercising due care, in the execution of a valid or invalid statute, charter, ordinance, resolution, or rule.

Minn.Stat. § 466.03, subds. 1, 5 (1990).

The district court concluded the city was not immune from liability under Minn.Stat. § 466.03, subd. 5 because "due care" denotes negligence, and "negligence questions are not amenable to resolution on summary judgment." The city and the League of Minnesota Cities assert that under the district court's reasoning, the immunity in section 466.03, subd. 5 would be wholly illusory if the city must show it was not negligent. *See Anderson v. City of Hopkins*, 393 N.W.2d 363, 364 (Minn.1986) (immunity from suit is lost if case goes to trial).

There are no Minnesota cases interpreting Minn.Stat. § 466.03, subd. 5. Under statutory canons of construction, "technical words and phrases and such others as have acquired a special meaning * * * are construed according to such special meaning or their definition." Minn.Stat. § 645.08(1) (1990); *see State v. Bolsinger*, 221 Minn. 154, 157–61, 21 N.W.2d 480, 484–87 (1946) (to interpret statute, accepted legal definitions of "reckless" and "gross negligence" apply). Clearly, the words "due care" denote a negligence standard. The question of whether the city exercised due care in the enforcement of the nuisance ordinance is a factual issue inappropriate for summary judgment. *See Horvath v. Liquid Controls Corp.*, 455 N.W.2d 60, 63–64 (Minn.App.1990) (whether defendant exercised due care presented factual issue inappropriate for summary judgment), *pet. for rev. denied* (Minn. July 13, 1990). If, as the city asserts, the factual analysis for the negligence standard makes the immunity provision illusory, it is the job of the legislature to amend the statute.

## II. Interlocutory Appeal of Denial of Summary Judgment on Special Duty Issue

The city, as any person, has no common law duty to prevent a third person from injuring another, *see Olson v. Ische*, 343 N.W.2d 284, 288 (Minn.1984), unless "a special relation exists * * * which imposes a duty * * * to control the third person's conduct." *See* Restatement (Second) of Torts, § 315 (1965). As the issue of whether the city owes Boop a special duty involves a defense to a liability, review of the denial of summary judgment would be interlocutory, and therefore, inappropriate. *See* Minn.R.Civ.App.P. 103.03; *Masonick v. J.P. Homes, Inc.*, 494 N.W.2d 910, 913 (Minn.App.1993) (interlocutory appeal of summary judgment is inappropriate for issue not involving immunity from suit).

## DECISION

The district court correctly concluded that there is a question of fact whether the city exercised due care or whether it was negligent in enforcing its ordinance. We affirm the denial of summary judgment to the city on the issue of immunity under Minn.Stat. § 466.03, subd. 5 (1990). The city's appeal of the denial of summary judgment on the question of whether the city owes Boop a special duty is interlocutory, a matter which this court will not review. Therefore, the district court's order is affirmed.

**Affirmed.**