**Gwendolyn HARVEY, Respondent,**

v.

**DOTS, INC., d/b/a Dots Department Store; et al., Respondents (C0–96–2331), Appellants (C0–96–2359),**

**Pyramid Security & Protection Inc., Appellant (C0–96–2331), Respondent (C0–96–2359).**

**Nos. C0–96–2331, C0–96–2359.**

Court of Appeals of Minnesota.

March 25, 1997.

Paul A. Banker, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, for Pyramid Security and Protection, Inc.

D. Scott Ballou, Louise A. Behrendt, Stich, Angell, Kreidler, Brownson & Ballou, P.A., Minneapolis, for Dots, Inc., d/b/a Dots Department Store and Bobbie Gee, Inc.

Gene P. Bradt, Robert J. Monson, Hansen, Dordell, Bradt, Odlaug & Bradt, P.L.L.P., St. Paul, for Gwendolyn Harvey.

Considered and decided by TOUSSAINT, P.J., and RANDALL and DAVIES, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

This is an appeal from the district court's denial of an immunity-based motion for summary judgment under Minn.Stat. § 629.366 (1994). Because appellants are not governmental entities, they are not entitled to immediate appeal of the order. We dismiss the appeal.

## FACTS

Respondent Harvey was detained by appellant Pyramid Security on suspicion of shoplifting from appellant Dots, Inc. Because Harvey had not taken anything from Dots, she sued appellants for false imprisonment. Appellants sought summary judgment under Minn.Stat. § 629.366, subd. 3 (1994), the merchant immunity statute. Under that statute, merchants, their employees, and peace officers are not criminally or civilly liable for detaining or arresting a person if there is "reasonable cause" for the arrest. Here, the district court denied appellants' motions for summary judgment, ruling that (a) viewing the evidence in the light most favorable to Harvey (the non-moving party), "neither reasonable nor probable cause existed[;]" and (b) viewing the evidence in the light most favorable to appellants (the moving parties), a decision that Minn.Stat. § 629.366 "has no application to this case is compelled." Appellants filed separate appeals. This court consolidated the appeals, questioned jurisdiction, and the parties responded.

## ANALYSIS

An order denying an assertion of qualified immunity is immediately appealable because

> [t]he entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.

*Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Where police officers and the city employing them asserted a qualified immunity *from suit,* the Minnesota Supreme Court referred to the portion of *Mitchell* quoted above and said that *Mitchell* was "well reasoned" and *"ought* to be followed" in analogous cases under Minn. R. Civ.App. 103.03, "without regard to whether it *must* be followed." *Anderson v. City of Hopkins,* 393 N.W.2d 363, 364 (Minn.1986). Because *Anderson* did not explicitly limit its holding to either immunity *from suit* or to *governmental entities,* the crux of the question here is whether appellants (*nongovernmental* entities) should be allowed immediately to appeal an order denying summary judgment when they sought summary judgment under a statute that can absolve them *from liability* (rather than *from suit* ).

Pyramid admits that later cases have described as governmental entities the entities entitled to an immediate appeal. *See McGowan v. Our Savior's Lutheran Church,* 527 N.W.2d 830, 832 (Minn.1995) (noting that, generally, orders denying summary judgment are not appealable but that an

exception exists if the motion that was denied "[was] based on **governmental** immunity **from suit**") (emphasis added); *see also McGovern v. City of Minneapolis*, 475 N.W.2d 71, 72 (Minn.1991) (noting that immunity *"from suit"* is important to officials because the costs of subjecting officials to litigation, which include distraction from governmental duties, inhibition of discretionary action, and deterrence of able people from government service, outweigh the public interest in fixing liability for damages). Observing that *Culberson v. Chapman*, 496 N.W.2d 821 (Minn. App.1993), involves review of an order denying a motion by a chemical dependency counselor (a nongovernmental entity) for summary judgment, Pyramid claims that under *Culberson*, the immediate appealability of orders denying summary judgment motions based on immunity is not limited to governmental entities. The issue presented in *Culberson* however, was whether the district court erred in denying summary judgment, not whether the order denying summary judgment was appealable. 496 N.W.2d at 823. Thus, *Culberson* cannot be read to mean that an order denying an immunity-related summary judgment to a non-governmental entity is immediately appealable. *See Chapman v. Dorsey*, 230 Minn. 279, 288, 41 N.W.2d 438, 443 (1950) (prior cases are not authority on the issue of appealability if that issue was not presented to the court).[1]

Appellants are not governmental entities and, absent authority explicitly stating otherwise, we must conclude that immediate appeal of orders denying immunity-based summary judgment motions is limited to governmental entities. For this reason, we need not address whether the immunity *from liability,* on which appellants' motion for summary judgment was based, must be distinguished from the immunity *from suit* described in *Mitchell*, which forms the basis for *Anderson.*

Pyramid claims that immediate appeal should be allowed here for the same reasons it is allowed in cases where the district court denies motions to dismiss for lack of personal

or subject-matter jurisdiction. We disagree. Cases involving challenges to personal or subject matter jurisdiction involve whether the court has the **power** to act. This case involves whether the court **acted correctly** in denying summary judgment.

Pyramid also claims that the order should be appealable under *Anderson* and *Mitchell* because it is separable from, and collateral to, the rights asserted in the main action. The portion of *Mitchell* referred to in *Anderson* involves the federal "collateral order doctrine" under 28 U.S.C. § 1291 and associated case law. The federal "collateral order doctrine" allows appeal of orders which

> finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Mitchell*, 472 U.S. at 524, 105 S.Ct. at 2814 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)); *see generally, Mitchell* 472 U.S. at 524–30, 105 S.Ct. at 2814–17 (discussing "collateral order doctrine"). While Minnesota has adopted the *Mitchell* rationale for allowing an immediate appeal of an order denying a governmental entity's motion for immunity-based summary judgment, it has *not* adopted the entire federal "collateral order doctrine." *See McGowan*, 527 N.W.2d at 832 (noting that generally, orders denying summary judgment are not appealable but that "[a]n exception exists where the motion denied is based on governmental immunity from suit"); *McGovern*, 475 N.W.2d at 72 (referring to the costs to government of subjecting officials to litigation and ruling that an order denying a defense motion for summary judgment based on non-federal claims of governmental discretionary act immunity and official immunity is immediately appealable); *Anderson*, 393 N.W.2d at 363–64 (noting that part of the *Mitchell's* rationale was 28 U.S.C. § 1291 and associat-

---

1. A similar analysis addresses *Martinez v. Minnesota Zoological Gardens,* 526 N.W.2d 416 (Minn. App.1995), *review denied* (Mar. 29, 1995). *See id.,* 526 N.W.2d at 418 (stating the issue on

appeal was whether "the trial court err[ed] in denying the state's motion for summary judgment").

ed case law and stating that *Mitchell* "**ought** to be followed" but refusing to rule the "it **must** be followed"). Because the federal "collateral order doctrine" has not been adopted in Minnesota, we will not apply it here.

## DECISION

Because appellants are not governmental entities, they are not entitled to immediate appeal of an order denying an immunity-based motion for summary judgment.

**Appeal dismissed.**