**Andrew Scott KASTNER, Respondent,**

**Eric Nelson, Respondent,**

v.

**STAR TRAILS ASSOCIATION, a Minnesota Not For Profit association, Petitioner, Appellant.**

Nos. C5–01–1157, C4–01–1165.

Supreme Court of Minnesota.

July 3, 2002.

Abrams & Smith, P.A., Paul R. Smith, Lauris A. Heyerdahl, Minneapolis, for appellant.

Schwebel, Goetz & Sieben, P.A., Sharon L. Van Dyck, James G. Weinmeyer, for Kastner, respondent.

Alan R. Nettles & Associates, P.A., Alan R. Nettles, for Nelson, respondent.

## OPINION

STRINGER, Justice.

Andrew Scott Kastner and Eric Nelson (collectively "respondents"[1]) were injured in separate snowmobile accidents on trails constructed and maintained by Star Trails Association (appellant). Their ensuing lawsuits were joined for the purpose of pretrial proceedings, and in April 2001, appellant moved for summary judgment in both cases claiming recreational use immunity under Minn.Stat. §§ 604A.20–.27 (2000) and municipal immunity under Minn.Stat. § 466.03, subd. 6e (2000). In a May 11, 2001 order, the district court denied appellant's motion concluding that the partial immunities provided by the cited statutes did not apply to appellant. Appellant's motion for certification of the immunity question as important and doubtful for purposes of appellate review was denied. Appellant nevertheless appealed and the court of appeals concluded that the May 11 order was not immediately appealable and dismissed the consolidated appeals. We reverse and remand.

The underlying facts are not at issue for purposes of this appeal. On January 6, 1996 and January 24, 1999, respectively, respondents Nelson and Kastner were seriously injured while riding on the Star Trail snowmobile trail in Washington County. Both accidents occurred in approximately the same place on the portion of the Star Trail that traverses the property of Art Schaefer, a landowner who has permitted the county to use part of his field for a snowmobile route since 1976. Respondents filed personal injury suits alleging negligence on the part of appellant, the organization responsible for the maintenance and grooming of the snowmobile trail.

Appellant, a nonprofit organization formed to promote snowmobiling, obtained funding for the development of the Star Trail snowmobile trail through the Minnesota Trail Assistance Program (MTAP). The MTAP, also known as the grants-in-aid or GIA program,[2] is administered by the Minnesota Department of Natural Resources and is a cost-sharing program authorizing trail user clubs or organizations

---

1. Only respondent Kastner participated in the appeal to this court.

2. *See* Minn.Stat. § 84.83, subd. 3 (2000 & Supp.2001).

to work in conjunction with a sponsoring local unit of government to establish and maintain trails in their area. In accordance with the MTAP guidelines, appellant received sponsorship from Washington County.

Appellant moved for summary judgment in both suits claiming it was entitled to recreational use immunity under Minn. Stat. §§ 604A.22 and 604A.25 (2000). Section 604A.22 provides:

Except as provided in section 604A.25, an owner[3] who gives written or oral permission for the use of the land for recreational purposes[4] without charge:

(1) owes no duty of care to render or maintain the land safe for entry or use by other persons for recreational purpose;

(2) owes no duty to warn those persons of any dangerous condition on the land, whether patent or latent;

(3) owes no duty of care toward those persons except to refrain from willfully taking action to cause injury; and

(4) owes no duty to curtail use of the land during its use for recreational purpose.

Appellant asserts that it qualifies as an "owner" under the language of the statute because it was the "occupant" or party "in control of the land" at the time the accidents occurred. *See* Minn.Stat. § 604A.21, subd. 4. Section 604A.25 provides:

Except as set forth in this section, nothing in sections 604A.20 to 604A.27 limits liability that otherwise exists:

(1) for conduct which, at law, entitles a trespasser to maintain an action and obtain relief for the conduct complained of; * * * *

Except for conduct set forth in section 604A.22, clause (3), a person may not maintain an action and obtain relief at law for conduct referred to by clause (1) in this section if the entry upon the land is incidental to or arises from access granted for the recreational trail use of land dedicated, leased, or permitted by the owners for recreational trail use.

Appellant also asserted governmental immunity, as provided in Minn.Stat. § 466.03, subd. 6e. Section 466.03, limiting the liability of municipalities, includes the following within its list of claims for which a municipality "shall be immune from liability":

Any claim based upon the construction, operation, or maintenance of any property owned or leased by the municipality that is intended or permitted to be used as a park, as an open area for recreational purposes, or for the provision of recreational services, or from any claim based on the clearing of land, removal of refuse, and creation of trails or paths without artificial surfaces, if the claim arises from a loss incurred by a user of park and recreation property or services. Nothing in this subdivision limits the liability of a municipality for conduct that would entitle a trespasser to damages against a private person.

Minn.Stat. § 466.03, subd. 6e. Although specifically referencing municipalities, appellant claims that this immunity is applicable here because Minn.Stat. § 84.83, subd. 4(a) (2000) provides:

Recipients of Minnesota trail assistance program funds must be afforded the

---

3. "Owner" is defined in Minn.Stat. § 604A.21, subd. 4 (2000) as "the possessor of a fee interest or a life estate, tenant, lessee, occupant, holder of a utility easement, or person in control of the land."

4. "Recreational purpose" includes snowmobiling. Minn.Stat. § 604A.21, subd. 5 (2000).

same protection and be held to the same standard of liability as a political subdivision under chapter 466 * * *.

On May 11, 2001, the district court denied appellant's summary judgment motion on the basis that although the cited statutes do establish a diminished standard of care for municipalities with regard to injuries occurring on municipal property designated for public recreational use, and this partial immunity is extended to private property owners who open their land for such use, appellant was not an "owner." [5] The court later denied appellant's motion to certify the question of immunity as important and doubtful for purposes of appellate review pursuant to Minn. R. Civ. App. P. 103.03(h),[6] concluding the question was neither important nor doubtful.

Appellant sought review in the court of appeals of the May 11, 2001 order denying summary judgment arguing that it was entitled to interlocutory review on the issue of immunity. The court of appeals, citing its decision in *Harvey v. Dots, Inc.*, 561 N.W.2d 192 (Minn.App.1997), dismissed the appeal concluding that although governmental entities are allowed an immediate appeal when a district court denies an immunity-based summary judgment motion, nongovernmental entities are not. We granted review.

Whether the district court's May 11 order denying respondent's immunity-based summary judgment motion is immediately appealable requires construction of a procedural rule, *see Engvall v. Soo Line Railroad Co.*, 605 N.W.2d 738, 740–41 (Minn.2000), and is therefore a question of law subject to de novo review. *State v. Nerz*, 587 N.W.2d 23, 24–25 (Minn.1998).

Generally, an order denying a motion for summary judgment is not immediately appealable unless the district court certifies that the question is important and doubtful. Minn. R. Civ.App. P. 103.03(i); *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 832 (Minn.1995). But certain orders are immediately appealable under Minn. R. Civ.App. P. 103.03(j), even absent an important and doubtful certification. In these cases, the right to appeal is derived not from procedural rules, but from fundamental principles relating to the finality of judgments. *See In re State & Regents Bldg. Asbestos Cases*, 435 N.W.2d 521, 522 (Minn.1989). For example, we have held that interlocutory appeal is available for review of orders denying motions to dismiss for lack of personal jurisdiction, subject matter jurisdiction, and government immunity. *See, e.g., Hunt v. Nevada State Bank*, 285 Minn. 77, 88–91, 172 N.W.2d 292, 299–301 (1969); *McGowan*, 527 N.W.2d at 832–33; *Anderson v. City of Hopkins*, 393 N.W.2d 363, 364 (1986).[7] A limitation has been

**5.** The district court cited the definition of "owner" found in Minn.Stat. § 604A.21, subd. 4, which properly corresponds with the claim for recreational use immunity under Minn.Stat. §§ 604A.20–.27. It appears the district court applied this statutory definition of owner to defeat appellant's claim under section 466.03, subd. 6e as well, however, "owner" is not defined in Chapter 466 and no explanation was provided as to why section 466.03, subd. 6e would not apply to appellant. Minnesota Statutes § 84.83, subd. 4(a) unequivocally states that organizations such as appellant are entitled to the protections of Chapter 466, and to require that they be an

"owner" would defeat the purpose of this mandate.

**6.** The cited rule was amended in 2000; as a result, the content of former subsection (h) is now found at Minn. R. Civ.App. P. 103.03(i).

**7.** *See also* Minn. R. Civ.App. P. 103.03 advisory committee's cmt. 1998 Amendments (acknowledging that list of appealable orders in rule 103.03 is not exclusive basis for appellate jurisdiction and providing examples of instances in which an appeal may be allowed as a matter of right even though the ground for that appeal is not found expressly in rule

placed on governmental immunity appeals under the court of appeals ruling in *Harvey* however, denying nongovernmental entities the right to immediate appellate review of an order denying an immunity-based motion for summary judgment. 561 N.W.2d at 195. We do not believe immediate appellate review should be denied on this basis, however.

Appellant claims limited liability protection under Minn.Stat. § 84.83, subd. 4(a), entitling recipients of MTAP funds to "the same protection and * * * standard of liability as a political subdivision under chapter 466." This "protection," appellant asserts, should include the availability of immediate review of a court determination denying an immunity-based summary judgment motion, just as review would be available to a governmental entity under *Anderson*. Appellant argues that regardless of its nongovernmental status, subjecting it to a trial renders its right to immunity meaningless and therefore it should have a right to immediate review.

While respondent Kastner agrees that section 84.83, subd. 4 is applicable to appellant, he argues that the statutory language using the terms "protection" and "standard of liability" cannot be stretched to confer political subdivision status upon appellant such that it is entitled to immediate appellate review on the issue of governmental immunity under *Anderson*. Further, respondent argues, Minn.Stat. § 466.03—providing exceptions to the tort liability outlined in Minn.Stat. § 466.02 (2000)—pertains specifically to immunity from *liability*, not immunity from *suit*, and immunity from liability intertwines with the merits of respondents' underlying ac-

tions. Therefore appellant has no right to be free from trial.

Despite these points of contention, both appellant and respondent Kastner acknowledge this court's recognition of the "collateral order doctrine," adopted by both the United States Supreme Court and the Eighth Circuit Court of Appeals,[8] as a general guide to interlocutory appealability. *See Anderson*, 393 N.W.2d at 364. In *Anderson*, we cited with approval the reasoning of the Supreme Court in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), that a decision of the district court denying a claim of qualified immunity is, in effect, a final determination of a right separable from and collateral to rights asserted in the main action. *Anderson*, 393 N.W.2d at 363–64; *Mitchell*, 472 U.S. at 524, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411. The Court in *Mitchell* ruled that such an order, to the extent it turns on a question of law, is immediately appealable notwithstanding the absence of a final judgment on the merits, because, as with absolute immunity, it is denial of a right not to stand trial at all-a right that is lost if the case is permitted to proceed. 472 U.S. at 526, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411.

■ In reaching its conclusion, the *Mitchell* court applied the rationale of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), where the Supreme Court first articulated what is now known as the collateral order doctrine. *Mitchell*, 472 U.S. at 524–25, 105 S.Ct. 2806, 86 L.Ed.2d 411. In *Cohen*, the Court defined a frame-

---

103.03); 3 Eric Magnuson & David Herr, *Minnesota Practice Appellate Rules Ann.*, §§ 103.2, 103.5 (1996 & Supp.2001) (same).

**8.** *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 524–25, 105 S.Ct. 2806, 86 L.Ed.2d 411

(1985); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Krein v. Norris*, 250 F.3d 1184, 1187 (8th Cir.2001).

work for identifying "that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528. For the collateral order doctrine to apply, the order at issue must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

■ Although we have admired the rationale underlying the collateral order doctrine, we have not formally embraced it. In *Anderson*, we acknowledged that *Mitchell* was "well-reasoned" and "*ought* to be followed in analogous cases" under Minn. R. Civ.App. P. 103.03, but added the caveat "without regard to whether it *must* be followed." 393 N.W.2d at 364; *see also Harvey*, 561 N.W.2d at 194 (observing that while this court adopted the *Mitchell* rationale, it did not formally adopt the federal collateral order doctrine); *Engvall*, 605 N.W.2d at 742 (noting that the collateral order doctrine was cited favorably in *Anderson* where this court held that the doctrine is *useful* to consider when presented with a general question of whether an interlocutory order or judgment is appealable). We go beyond that now, and

take this opportunity to formally adopt the collateral order doctrine as a clear analytical framework to assess the immediate appealability of an order or judgment not specifically identified in the Rules of Civil Appellate Procedure. Accordingly, we hold that a district court order or judgment that satisfies the three-part collateral order analysis emanating from *Cohen* is subject to immediate appellate review.[9]

■ We also take this opportunity to comment on the court of appeals' holding in *Harvey* which was based in part on our decision in *Anderson* and was cited by the court of appeals as authority for its ruling dismissing the appeals in this case. In *Anderson* we held that an order denying a municipality's summary judgment motion based on immunity from suit was appealable, 393 N.W.2d at 363–64, but we made no determination that immediate appeal was available only to governmental entities or that nongovernmental entities should be treated differently. We perceive no rational basis for providing a governmental entity a right of immediate review of a determination relating to immunity that results in having to stand trial, but denying that right to a nongovernmental entity. Indeed in *Cohen*, the source of the collateral order doctrine, the parties were nongovernmental entities. 337 U.S. at 543–44, 69 S.Ct. 1221, 93 L.Ed. 1528. We disagree with the court of appeals' interpretation in *Harvey* that nongovernmental entities are *per se* not so entitled, 561 N.W.2d at 195, and to the extent that the *Harvey* decision is based upon a governmental-nongovernmental distinction, it is overruled.

We further note that because we have adopted the collateral order doctrine, it is

---

**9.** Although an interlocutory appeal from such an order of judgment is available, it is not mandatory. *See Engvall*, 605 N.W.2d at 744–45 (holding that failure to take an interlocutory appeal permissible under the principles of the collateral order doctrine does not forfeit the right of appellate review of the interlocutory order or judgment on appeal from the final judgment).

not necessary to address the distinction between immunity from liability and immunity from suit; the same analysis applies regardless of the type of immunity claimed.  In light of our holding that the collateral order analysis is the appropriate framework to determine whether a district court order is immediately appealable, we reverse and remand to the court of appeals for further consideration consistent with this opinion.

Reversed and remanded.