**ADVANCED DELIVERY SYSTEMS, INC., et al., Appellants,**

v.

**Alfredo JAIME, Respondent.**

**No. A08–2239.**

Court of Appeals of Minnesota.

Sept. 22, 2009.

John R. Crawford, Jason M. Hill, Johnson & Lindberg, P.A., Minneapolis, MN, for appellants.

Bernard Robichaud, Jr., Robichaud & Anderson, P.A., Minneapolis, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; STAUBER, Judge; and MUEHLBERG, Judge.*

**OPINION**

STAUBER, Judge.

On appeal from the district court's denial of summary judgment in appellants' declaratory judgment action, appellant argues that because the action was brought as a declaratory judgment action, the district court erred in declining to exercise jurisdiction under Minn.Stat. § 176.301, subd. 1 (2008). Appellants also argue that the district court erred in concluding that there were genuine issues of material fact as to whether respondent was an employee or an independent contractor. Because the issue before the district court was a

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

workers' compensation issue, and Minn. Stat. § 176.301, subd. 1, provides the district court with discretion to decide whether to exercise jurisdiction over such an action, we affirm.

## FACTS

On February 13, 2008, respondent Alfredo Jaime filed a claim petition with the Worker's Compensation Division of the Minnesota Department of Labor and Industry (MDLI) seeking workers' compensation benefits for an injury he sustained in April 2007, while driving a truck for appellant Advanced Delivery Systems, Inc. (ADS). While respondent's claim petition was pending before the Minnesota Office of Administrative Hearings (MOAH), ADS and TransGuard Insurance Company of American (collectively appellants) initiated a declaratory judgment action in district court for a determination of whether respondent was an employee or an independent contractor of ADS. Appellants then brought a motion for summary judgment declaring respondent to be an independent contractor, and for a determination that the MDLI and MOAH lacked subject-matter jurisdiction over respondent's claims against appellants. The district court subsequently issued an order declining to exercise jurisdiction over appellants' declaratory judgment action because it was a workers' compensation issue and belonged before the MOAH. The court also found that genuine issues of material fact existed as to whether respondent was an employee or an independent contractor. This appeal followed.

## ISSUE

Did the district court err in declining to exercise subject-matter jurisdiction over appellants' declaratory judgment action?

## ANALYSIS

■ Generally, an appeal may not be taken from a denial of summary judgment, but an issue relating to subject-matter jurisdiction can be appealed immediately. *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 832–33 (Minn. 1995). Subject-matter jurisdiction is a question of law reviewed de novo. *Odenthal v. Minn. Conference of Seventh–Day Adventists*, 649 N.W.2d 426, 434 (Minn. 2002).

Appellants argue that the district court erred in declining to exercise jurisdiction over their declaratory judgment action. We disagree. Minnesota law provides that "[w]hen a workers' compensation issue is present in the district court action, the court *may* try the action itself without a jury, or refer the matter to the chief administrative law judge for assignment to a compensation judge." Minn.Stat. § 176.301, subd. 1 (2008) (emphasis added).

■ Here, the issue before the district court was whether respondent was an employee or an independent contractor. This is a workers' compensation issue because the answer determines whether respondent is entitled to workers' compensation for his injuries. *See Heine v. Simon*, 702 N.W.2d 752, 761 (Minn.2005) (stating that the "purpose of workers' compensation is to provide a measure of security to workers injured on the job"). Thus, under Minn.Stat. § 176.301, subd. 1, the district court had discretion to try the issue itself or refer the matter to the workers' compensation court: In light of the statute, the district court decided not to exercise jurisdiction over the issue. The court's decision is consistent with the legislative intent that workers' compensation issues be decided in a "quick and efficient" manner under the workers' compensation statute. Minn.Stat. § 176.001 (2008).

Appellants argue that the district court erred in declining to exercise jurisdiction over the matter because the action was

brought in the form of a declaratory judgment action. To support its claim, appellants cite *Minnesota Chippewa Tribe v. State*, in which the supreme court addressed the justiciability of a declaratory judgment proceeding in the context of a pending workers' compensation proceeding. 339 N.W.2d 55 (Minn.1983). In that case, the court reversed the district court's dismissal of the action and remanded for further proceedings because the issue was the proper subject for declaratory judgment. *Id.* at 56.

*Minnesota Chippewa Tribe* is distinguishable from the case before us. In *Minnesota Chippewa Tribe*, the issue was "whether or not the Workers' Compensation Act applie[d] to the Tribe." *Id.* That issue was not a workers' compensation issue but a jurisdictional issue. In contrast, the issue before us is a workers' compensation issue. Accordingly, the district court did not err in declining to exercise jurisdiction over appellant's declaratory judgment action. Because the district court did not err in declining to exercise jurisdiction over the matter, we need not address the district court's alternative conclusion that there are issues of material fact concerning whether respondent was an employee or an independent contractor.

### DECISION

Under Minn.Stat. § 176.301, subd. 1 (2008), when a workers' compensation issue is present in a district court action, the court has discretion to try the action itself, or refer the matter to the workers' compensation court. Because the issue presented here was a workers' compensation issue, the district court did not err in declining to exercise jurisdiction.

**Affirmed.**