Gordon HIGGINS, et al., Appellants,

v.

**NORTHWESTERN BELL TELEPHONE COMPANY and A.T. & T. Technologies, Inc., Intervenor, Respondents.**

No. C4–86–1245.

Court of Appeals of Minnesota.

Feb. 3, 1987.

Review Denied March 25, 1987.

Candice E. Hektner, Wayne D. Tritbough, Minneapolis, for appellants.

Andrew W. Danielson, Andrew J. Mitchell, Minneapolis, for respondents.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Gordon Higgins appeals from an order and judgment precluding him from bringing an action against respondent Northwestern Bell Telephone Company (N.W. Bell) because Higgins already collected workers' compensation benefits from his employer Western Electric. We affirm.

## FACTS

Higgins injured his back when he slipped in a washroom in the Northwestern Bell Telephone Company building in Minneapolis. Higgins received workers' compensation benefits from his employer, Western Electric, and subsequently sued N.W. Bell to recover damages for his injuries.

Higgins was engaged primarily in supervising Western Electric work crews which installed Western Electric telephone equipment in the N.W. Bell facility. Western Electric crews generally performed the initial installation and wiring work and N.W. Bell crews usually did the final wiring and maintenance work on the equipment once it was installed and operating. There was testimony that N.W. Bell employees occasionally received instructions from Western Electric supervisors, that N.W. Bell supervisors occasionally gave instructions to Western Electric employees, and that the two employee groups used similar tools in performing their respective jobs. The washroom in which Higgins was injured was available to N.W. Bell and Western Electric employees working on the floor. Higgins worked continuously in N.W. Bell's Minneapolis building during the ten years preceding the accident. Higgins had a fourth floor office in the N.W. Bell building.

While Higgins testified about the dissimilarities in the work performed by Western Electric and N.W. Bell employees and the different work-related hazards the employee groups faced, a N.W. Bell employee testified about the similarities. Both agreed that the employees of the two companies generally worked in close proximity to each other and that the work performed by the two employee groups was coordinated on a regular basis. The trial court determined that since the two employee groups—

worked in close proximity to each other performing generally the same tasks

while working on the same equipment in the same physical areas, employees of each were subject to similar risks of injury which would include not only risks normally associated with the tasks being performed but extended to the use of common facilities such as the fourth floor washroom * * *.

According to the trial court, the employees "were engaged on the same project—that project being to service and update telephone equipment" for a substantial period of time before Higgins' injury. Consequently, the trial court concluded that the election of remedies provisions of Minn. Stat. § 176.061 (1984) precluded Higgins from seeking additional recovery against N.W. Bell.

## ISSUE

Did the trial court err by concluding that Higgins' claim against N.W. Bell is precluded by the election of remedies provisions of Minn.Stat. § 176.061?

## ANALYSIS

In all actions tried upon the facts without a jury * * * the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * *. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Minn.R.Civ.P. 52.01. *See In re Estate of Serbus*, 324 N.W.2d 381, 385 (Minn.1982) (appellate courts must "give due deference to the trial court's opportunity to judge the credibility of the witnesses").

### Election of Remedies

Under certain circumstances, third party liability for work-related injuries is limited by the state's workers' compensation statute.

If an injury or death for which benefits are payable occurs under circumstances which create a legal liability for damages on the part of a party other than the employer and at the time of the injury or death that party was insured or self-insured in accordance with this chapter, the employee, in case of injury, * * * may proceed either at law against that party to recover damages or against the employer for benefits, but not against both.

Minn.Stat. § 176.061, subd. 1 (1984).

The provisions of subdivisions 1, 2, and 3 apply only if the employer liable for benefits and the other party legally liable for damages are insured or self-insured and engaged, in the due course of business in, (a) furtherance of a common enterprise, or (b) in the accomplishment of the same or related purposes in operations on the premises where the injury was received at the time of the injury.

Minn.Stat. § 176.061, subd. 4 (1984).

■ An injured worker's common law negligence action against third parties is barred if (1) the employers were engaged on the same project; (2) the employees were working together (common activity); and (3) under the circumstances, the employees were "subject to the same or similar hazards." *McCourtie v. United States Steel Corp.*, 253 Minn. 501, 506, 93 N.W.2d 552, 556 (1958); *Kaiser v. Northern States Power Co.*, 353 N.W.2d 899, 906 (Minn. 1984).

■ The evidence sustains a finding that N.W. Bell and Western Electric were engaged on the same project and had a long-standing, continuous, and close commercial relationship. N.W. Bell purchased Western Electric equipment for many years as it continually and routinely updated its switching equipment. Both companies installed, maintained, and modified N.W. Bell's telephone switching equipment. The record reasonably supports the trial court's conclusion that N.W. Bell and Western Electric employees were engaged in a common activity.

The record supports the conclusion that the two employee groups "were subject to similar hazards which would include the use of the fourth floor washroom facility."

Although the record indicates that the two employee groups were not subject to identical work hazards, many of the hazards facing the two employee groups were similar. Both employee groups were susceptible to injuries caused by slips and falls in the work areas, by tripping over cords, and by falling off ladders. Workers installing switching equipment also were subject to eye injuries caused by protruding wires. Both employee groups were exposed to some type of shock from electrical lines.

## DECISION

The trial court reasonably could conclude that N.W. Bell and Western Electric were engaged on the same project. The record supports the trial court's conclusion that the two employee groups were engaged in a "common activity" and that they were subject to similar risks of injury on the work site. Under these circumstances, the trial court did not err in concluding that Higgins' suit against N.W. Bell is precluded by Minn.Stat. § 176.061.

Affirmed.