Max J. ALBERTS, Jr., et al.,
Appellants,

v.

UNITED STOCKYARDS
CORPORATION, et al.,
Respondents.

No. C4–87–1000.

Court of Appeals of Minnesota.

Oct. 13, 1987.

Todd P. Young, St. Paul, for appellants.

Mark J. Condon, Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., and NORTON and LOMMEN,* JJ.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

A. PAUL LOMMEN, Judge.

Max Alberts appeals from an order granting summary judgment to respondents United Stockyards Corporation and its subsidiary, St. Paul Union Stockyards Company. The trial court determined as a matter of law Alberts was barred from bringing this action by the election of remedies provision of the Minnesota workers' compensation statute. We affirm.

## FACTS

Appellant Max J. Alberts, Jr., an employee of a livestock commission brokerage firm, was injured while working on the grounds of the St. Paul Union Stockyards. Appellant was driving cattle down the main alley when a bull began to charge. Appellant tried to escape through the nearest side gate, but it would not open. He then climbed up the gate and balanced on his stomach over the top. When the bull charged the gate beneath him, he fell and broke his hip.

Appellant received workers' compensation benefits through his employer, and subsequently sued respondents, alleging a common law action sounding in negligence. Appellant claimed respondents failed to maintain the alleyway in safe condition and failed to keep the gate to the pen in proper working order.

Respondents moved for summary judgment, arguing appellant should be barred from bringing this action by the election of remedies provision of the workers' compensation statute. The trial court granted respondents' motion, determining appellant's employer and respondents were engaged in a common enterprise for purposes of the "election of remedies" provision of Minn. Stat. § 176.061 (1984).

Respondents are the owners/operators of a livestock exchange. Appellant's employer is one of the several commission firms occupying livestock pens on the premises. Employees of the St. Paul Union Stockyards unload the livestock and drive them to the assigned pens. They also provide feed for the animals and are responsible for maintenance and repairs on the premises. Commission firm employees drive the livestock down the alleyways to the auction barn for sale. The commission firms guarantee the stockyard company a minimum quota of cattle, and in exchange receive an allotment of pens on the premises. No rent is paid for the pens.

## ISSUE

Did the trial court err in granting respondents' motion for summary judgment determining that appellant's action was barred by the election of remedies provision in the workers' compensation act?

## ANALYSIS

*Summary judgment*

In reviewing an entry of summary judgment the facts are to be viewed in the light most favorable to the party against whom summary judgment was granted. *Ostendorf v. Kenyon,* 347 N.W.2d 834, 836 (Minn.Ct.App.1984). If reasonable persons might draw different conclusions from the evidence, summary judgment should be denied. *Anderson v. Twin City Rapid Transit Co.,* 250 Minn. 167, 186, 84 N.W.2d 593, 605 (1957).

*Election of remedies*

Minn.Stat. § 176.061 (1984) bars an injured employee from bringing a third party action once they have elected workers' compensation benefits, when a common enterprise exists between the injured party's employer and the third party. The statute provides, in pertinent part:

Subdivision 1. Election of remedies. If an injury or death for which benefits are payable occurs under circumstances which create a legal liability for damages on the part of a party other than the employer and at the time of the injury or death that party was insured or self-insured in accordance with this chapter, the employee, * * *, may proceed either at law against that party to recover damages or against the employer for benefits, but not against both.

\*    \*    \*    \*    \*    \*

Subd. 4. [The above provision applies] only if the employer liable for benefits and the other party legally liable for damages are insured or self-insured and engaged, in the due course of business in, (a) furtherance of a common enterprise, or (b) in the accomplishment of the same or related purposes in operations on the premises where the injury was received at the time of the injury.

Minn.Stat. § 176.01, subds. 1 and 4.

■ In order for the election of remedies provision to apply as a defense, three requirements must be met:

1) The employers must be engaged on the same project;

2) The employees must be *working together* (common activity); and

3) In such fashion that they are subject to the same or similar hazards.

*McCourtie v. United States Steel Corp.,* 253 Minn. 501, 506, 93 N.W.2d 552, 556 (1958) (emphasis in original).

■ The above requirements focus on the type of work performed by each group of employees. *Id.* at 510, 93 N.W.2d at 559. If the jobs are only vaguely related or the employees do not share or join in any work between themselves, no common activity exists between employers. *Id.* However, it is the exposure to common hazards, not their mutual creation, which makes the provision applicable. *Volding v. Harnish,* 236 Minn. 71, 79, 51 N.W.2d 658, 663 (1952). To constitute similar related purposes, the employers must "have joined forces and in effect have put the servants into a common pool." *Gleason v. Geary,* 214 Minn. 499, 511, 8 N.W.2d 808, 814 (1943).

In *Higgins v. Northwestern Bell Telephone Co.,* 400 N.W.2d 192 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. Mar. 5, 1987), an employee of Western Electric was injured when he fell in the washroom of the Northwestern Bell Telephone Company building. Higgins supervised Western Electric work crews which installed telephone equipment in the Northwestern Bell building.

Northwestern Bell and Western Electric were held to be in a common enterprise by virtue of their long-standing, continuous, and close commercial relationship. *Id.* at 194. The court found the employers were engaged in the same project of continually servicing and updating telephone equipment. *Id.* Western Electric employees made the initial installation, and Northwestern Bell employees did the final wiring and maintenance work. *Id.* at 193. Furthermore, although the two employee groups were not subject to identical work hazards, both employee groups were susceptible to injuries in the work area, such as tripping over cords, falling off ladders, and electrical shocks. *Id.* at 195.

■ In this case, the evidence sustains the finding that respondents and appellant's employer were engaged in a common enterprise. Respondents provide all the physical facilities the commission firms need to conduct their brokerage businesses. St. Paul Union Stockyards is compensated only to the extent the commission firms are successful in selling livestock. Therefore, the success of St. Paul Union Stockyards is dependent on the success of the commission brokerage firms, creating a close commercial relationship.

The evidence also sustains the finding that both groups of employees were exposed to similar hazards. Stockyard employees clean and deliver feed to the pens daily, and are thereby exposed to similar risk of injury by the livestock as the commission firm employees. In addition, both groups of employees drive livestock down the alleyways, so are exposed to the same physical conditions in the alleys. Therefore, although employees from each group may not perform their duties simultaneously, they work in close physical proximity and are subject to almost identical work hazards.

## DECISION

The trial court did not abuse its discretion in granting summary judgment for respondents. The evidence supports the finding of a common enterprise between respondents and appellant's employer, and

both groups of employees were subject to similar risks of injury on the premises. The trial court did not err in concluding appellant was precluded under Minn.Stat. § 176.061 from bringing this suit.

Affirmed.