**Wayne CARSTENS, Respondent,**

v.

**MAYERS, INC., defendant and third-party plaintiff, Appellant,**

v.

**COMMERCIAL CONTRACTORS COMPANY OF MELROSE, INC., third-party defendant, Respondent.**

No. C4–97–1578.

Court of Appeals of Minnesota.

Feb. 17, 1998.

Review Denied March 26, 1998.

Robert J. King, Jr., Hvass, Weisman & King, Chartered, Minneapolis, for respondent Wayne Carstens.

Corrine L. Evenson, Michael D. LaFountaine, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for appellant.

Considered and decided by CRIPPEN, P.J., and SCHUMACHER and HOLTAN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court denied the motion of appellant Mayers, Inc. for summary judgment against respondent Wayne Carstens. Carstens, an employee of respondent Commercial Contractors Company, was injured while at work and initiated this third-party liability suit. Appellant disputes the trial court's conclusion that appellant had failed to show its common enterprise with Commercial, so that the court had subject matter jurisdiction to

examine the merits of Carstens' claim notwithstanding the exclusivity provisions of Minn.Stat. § 176.061, subd. 4 (1996) (providing that an employee cannot maintain an action against a third party engaged in common enterprise with employer's business activity). We affirm the decision of the trial court that the present record does not require the conclusion as a matter of law that Commercial Contractors was engaged in a common activity with the employees of Mayers, Inc.

## FACTS

Commercial, a masonry contractor, had the general contract to build a foundation. Commercial subcontracted with Mayers to perform the excavation work. Commercial employees were required to work in the trench, building the forms, while Mayers employees were still working in the trench, leveling the floor. In order to construct the forms before the ground froze, the foundation workers were engaged in their activities immediately following the excavation of the trench. The trial court found that the two firms were not engaged in a common enterprise because there was only minimal overlapping of the work activities of the two sets of employees.

## ISSUE

Does the present record require a decision that Mayers was engaged in a common enterprise with Commercial Contractors?

## ANALYSIS

### a. Standard of Review

On an appeal from summary judgment, we must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condo.*, 281 N.W.2d 328, 330 (Minn.1979).

### b. Standard of Law

■ A trial court lacks subject-matter jurisdiction to decide claims against a third party that is engaged in a common enterprise with the claimant's employer. Minn.Stat. § 176.061, subds. 1,4 (1996) (where employer and third party are engaged in "furtherance of a common enterprise," injured employee must elect to proceed against third party for damages or against the employer for work-

ers' compensation benefits, "but not against both"). We apply a three-part test to determine whether a common enterprise has been shown: "(1) [t]he employers must be engaged on the same project; (2)[t]he employees must be *working together* (common activity); and (3)[i]n such fashion that they are subject to the same or similar hazards." *McCourtie v. United States Steel Corp.*, 253 Minn. 501, 506, 93 N.W.2d 552, 556 (1958). The aim of the election of remedies provision is "to prevent a double recovery by an injured person from both the employer and a third party where 'the masters have joined forces and in effect have put the servants into a common pool.'" *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 893 (Minn.1996) (quoting *Gleason v. Geary*, 214 Minn. 499, 511, 8 N.W.2d 808, 814 (1943)).

### c. Same Project; Same or Similar Hazard

The trial court determined that respondent Carstens failed to refute two of the elements of common enterprise, namely that (a) the two contractors were engaged in the same project of completing the foundation and (b) the two sets of employees were subject to the same risk of being struck by dirt if the walls of the trench caved in. Although respondent disputes both of these decisions, we need not explore these issues because the trial court correctly determined that the third element of working together in a common activity is not satisfied on the present record.

### d. Common Activity

■ Working together requires the activities of the employees be more than overlapping minimally; they must be "interdependent." *Schleicher v. Lunda Constr. Co.*, 406 N.W.2d 311, 313–14 (Minn.1987). "Merely working toward a common goal is not sufficient to constitute working together." *O'Malley*, 549 N.W.2d at 895 (citation omitted).

■ We conclude that in the circumstances presented the two contractors were engaged in substantially independent activities. It was not essential that the work of Commercial employees accompany the digging of the trench, and their work might, in fact, have been done long after the completion of the excavation work. Although in this

instance, due to the weather conditions, the two sets of employees were performing their tasks at almost the same time, nothing about their work required them to be working together. Absent some other mutual dependence, two sets of employees merely performing work at the same time and in the same place do not form a common pool of workers and it cannot be said that they were working interdependently.

Appellant points to several cases where a common activity was found. Most significant is *Sorenson v. Visser*, 558 N.W.2d 773 (Minn. App.1997). While concluding that there were different risks, we observed that there was a common activity between the operator of the backhoe and the claimant, who was engaged in locating a pipe as it was being exposed by a backhoe. *Id.* at 775–76. What is most significant about *Sorenson* is that the tasks had to be performed together because without the efforts of each set of employees, neither would have been able to continue: the trench digger could not proceed without direction on where to dig and the claimant employee could not locate the pipe without the trench being dug.

Appellant further relies on *Higgins v. Northwestern Bell Telephone Co.*, 400 N.W.2d 192, 193–94 (Minn.App.1987) (finding common activity where one company's employees installed telephone equipment and other company's employees did the final wiring and modified telephone equipment after installation), *review denied* (Minn. March 25, 1987), and *O'Malley*, 549 N.W.2d at 895–96 (finding common activity between employees of general contractor and subcontractor engaged in repairing highway where employees coordinated their activities and assisted each other throughout the operation). These cases involve interdependent activity, and they support the finding that Commercial Contractors employees and Mayers, Inc. employees were not engaged in a common activity.

Appellant further responds that a different result is required because there is evidence in this case that Commercial workers sometimes assisted and supervised Mayers' excavation work. The record shows that a Commercial supervisor "would tell Mr. Mayers how deep to dig the trenches" but that Commercial employees did not "assist with the actual digging." At the time of the accident, the Commercial supervisor testified that he was "measuring" and respondent Carstens was "putting in plank." The Mayers employee who was working in the trench at the time of the accident testified that the he and another Commercial employee "were shoveling and leveling off the dirt." This level of assistance from one contractor's employees to another does not give rise to a finding of interdependence but rather falls within the category of "mere convenience." As stated in the record, any assistance Commercial employees gave Mayers' employees was a "favor or an accommodation." While the record shows an interplay of activity, each set of employees could complete its own task without the assistance of the other.

■ Finally, appellant asserts that a common activity is demonstrated by the substantial business relationship that existed between Commercial and Mayers. Appellant's assertion is misguided: the first prong of the *McCourtie* test, common project, not the common activity prong, more appropriately encompasses the relationship between employers. *See O'Malley*, 549 N.W.2d at 895 (holding that as in *Higgins*, "the employers shared functions and had a long-term relationship" and concluding that the employers were engaged in the same project); *Higgins*, 400 N.W.2d at 193–94 (Minn.App.1987) (finding same project where both companies installed, maintained, and modified the same equipment over a long-standing, close commercial relationship).

## DECISION

On evidence developed to determine appellant's summary judgment motion, the trial court correctly determined that employees of appellant and respondent Commercial Contractors were not engaged in interdependent working activity and thus that their employers were not engaged in a common activity. The court has jurisdiction to further explore the merits of respondent Carstens' third-party liability claim.

**Affirmed.**