Charles D. OLSON, et al., Respondents,

v.

Gerald J. LYREK, et al., Appellants.

No. C4–98–117.

Court of Appeals of Minnesota.

Aug. 11, 1998.

Jon P. Parrington, Jeffrey J. Lindquist, Pustorino, Pederson, Tilton & Parrington, P.A., Minneapolis, for respondents.

William M. Hart, Jenneane L. Jansen, Meagher & Geer, P.L.L.P., Minneapolis, for appellants.

Considered and decided by KALITOWSKI, P.J., RANDALL and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants Gerald J. Lyrek and Valley Rich Company, Inc. moved for summary judgment on the grounds that Lyrek and respondent Charles D. Olson were engaged in a common enterprise, thus barring a suit under the election-of-remedies provision of the Minnesota Workers' Compensation Act. The district court denied the motion, finding that Lyrek and Olson had not been exposed to the same or similar hazards. We affirm.

## FACTS

Egan & Sons, Olson's employer, was awarded a plumbing contract by Opus Corporation to install sanitary sewer lines. Olson was foreman on the project. Installation of the underground pipe required the digging of trenches for which Egan & Sons hired Valley Rich. Valley Rich supplied Egan & Sons with a backhoe and an operator in exchange for an hourly rate. Valley Rich assigned Lyrek to run the backhoe. The plumbers had been on the job for approximately five days when Lyrek arrived to begin the excavation work. Once Lyrek arrived, Olson informed Lyrek where to start and where to dig. Lyrek spent 95% of his time on the backhoe.

On the day of the accident, Lyrek was on the backhoe digging dirt out of the trench, while Olson was down in the trench hooking up pipe. After removing some of the dirt, Lyrek moved the backhoe near the edge of the trench. Before he was able to stabilize the hydraulic arms used to ground the backhoe during digging, Lyrek accidentally opened the throttle while the backhoe was still in reverse, causing the backhoe to jump backward and fall into the trench. Olson was injured when the backhoe landed on him. Lyrek was thrown from the machine and into the trench.

Olson collected workers' compensation benefits from his employer, Egan & Sons, as a result of his injuries. Olson then commenced a tort action against Lyrek and Valley Rich. Lyrek moved for summary judgment on the grounds that he and Olson were engaged in a common enterprise, consequently barring Olson's claim under the election-of-remedies provision of the workers' compensation act.

The district court denied the motion for summary judgment, finding that Olson and Lyrek were not exposed to the same or similar hazards. Lyrek appealed.

## ISSUE

Did the district court err as a matter of law in denying Lyrek's summary judgment motion on the basis that Lyrek and Olson were not engaged in a common enterprise?

## ANALYSIS

Lyrek claims the undisputed facts establish that he and Olson were engaged in a common enterprise as a matter of law.

An order denying summary judgment is immediately appealable if the basis of the claim falls within the scope of the workers' compensation act. *McGowan v. Our Savior's Lutheran Church,* 527 N.W.2d 830, 833 (Minn.1995). In reviewing a district court's order denying summary judgment, this court must decide whether any issues of material fact exist and whether the district court erred in applying the law. *Wartnick v. Moss & Barnett,* 490 N.W.2d 108, 112 (Minn.1992). The party moving for summary judgment has the burden of proof, while the nonmoving party receives the benefit of having this court view the evidence in the light most favorable to him. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981) (citing *Sauter v. Sauter,* 244 Minn. 482, 484–85, 70 N.W.2d 351, 353 (1955)).

The issue before us is whether Lyrek is entitled to judgment as a matter of law. *O'Malley v. Ulland Bros.,* 549 N.W.2d 889,

897 (Minn.1996) (holding resolution of whether common enterprise exists is legal determination, not factual inference.)

■ An injured employee may bring suit against an employer for benefits or against a third party for damages, but not against both, if the employer and the third party are engaged in a common enterprise. Minn.Stat. § 176.061, subds. 1, 4 (1996). In order for a common enterprise to exist

The employers must be engaged on the same project;

The employees must be working together (common activity); and

In such fashion that they are subject to the same or similar hazards.

McCourtie v. United States Steel Corp., 253 Minn. 501, 506, 93 N.W.2d 552, 556 (1958), quoted in O'Malley, 549 N.W.2d at 894.

■ In this case, there is no dispute that the first factor is present. Both Egan & Sons and Valley Rich were engaged in the same project. Nor is there an issue as to whether Olson and Lyrek were engaged in a common activity.[1] The question in this appeal focuses on the third factor, that is, whether Olson and Lyrek were exposed to the same or similar hazards.

■ The same or similar hazards requirement does not demand exposure to identical hazards, only similar hazards. O'Malley, 549 N.W.2d at 896. In determining whether workers are exposed to similar hazards, we make a comparison of the general risks to which workers are exposed as a result of the tasks being performed. See id. (comparing tasks and risks to determine if employees were subject to same or similar hazards).

In a similar case, this court held that no common enterprise existed because an electrician and a trench digger were not exposed to the same or similar hazards. Sorenson v. Visser, 558 N.W.2d 773, 776 (Minn.App.1997). This court reasoned that:

While standing in the trench, Sorenson [electrician] was subject to the hazard of

trench cave-ins, as well as other possible injuries relating to his physical presence in the trench. Bruce Visser [excavator] was not subject to any of these hazards while operating the backhoe.

Id.; see also Schleicher v. Lunda Constr. Co., 406 N.W.2d 311, 313–14 (Minn.1987) (concrete truck drivers and conveyor system operators, while advancing same goal, are exposed to different hazards and engage in different activities); McCourtie, 253 Minn. at 515, 93 N.W.2d at 562 (steelworkers are not exposed to same risks that are inherent in occupation of plumber).

■ In this case, the general risks facing Lyrek were fundamentally different from the risks facing Olson because they were performing separate tasks. Olson was laying pipe in the trench, while Lyrek dug dirt out of the trench. Olson and Lyrek did not use the same equipment, nor did they work in the same physical areas. Olson was down in the trench and Lyrek was sitting in an enclosed cab several feet above the trench.

Lyrek urges this court to focus on the actual cause of the injury rather than the tasks being performed or the general risks involved. Namely, he argues that he and Olson were exposed to the same or similar hazards because they were both injured by the same instrument, the backhoe. The focus, however, is not on the instrument that caused the injury. "[I]t is the exposure to common hazards, not their mutual creation, which makes the [election of remedies] provision applicable." Alberts v. United Stockyards Corp., 413 N.W.2d 628, 630 (Minn.App. 1987).

■ Alternatively, Lyrek claims that the same-or-related-purpose doctrine bars Olson's third-party tort claim. Doctrines of "common enterprise" and "the accomplishment of the same or related purposes," however, no longer have an independent significance. McCourtie, 253 Minn. at 509, 93 N.W.2d at 558. They have been superseded

---

1. Olson disputes the district court's finding that he and Lyrek were engaged in a common activity. This issue, however, is not properly before this court because Olson did not file a notice of review. A respondent is required to file a notice of review before review will be granted in an adverse judgment. Minn. R.App. P. 106; Arndt v. American Family Ins. Co., 394 N.W.2d 791, 793 (Minn.1986).

by and merged in "a new rule born of statutory construction." *Id.* We therefore make no distinction between the two doctrines.

## DECISION

At the time of the injury, Olson and Lyrek were performing different functions and were exposed to different hazards. Olson was subject to hazards as a result of his being in the trench while Lyrek was exposed to a different set of hazards on the backhoe. We hold that the common enterprise doctrine does not apply to the facts of this case. The district court did not err as a matter of law in denying Lyrek's summary judgment motion.

**Affirmed.**

RANDALL, Judge (dissenting).

I respectfully dissent. On these facts, I would reverse and remand for a summary judgment award in favor of Lyrek.

As the majority correctly notes, to establish the existence of a common enterprise:

(1) The employers must be engaged on the same project;

(2) The employees must be working together (common activity); and

(3) In such a fashion that they are subject to the same or similar hazards.

*McCourtie v. United States Steel Corp.*, 253 Minn. 501, 506, 93 N.W.2d 552, 556 (1958).

Respondent concedes that elements (1) and (2) have been met and that the only way he can prevail is to show that the two workers were not subject to the same or similar hazards. The only factor in dispute here is whether Gerald Lyrek, who was digging a trench with a backhoe, and Charles Olson, who was laying pipe in the trench, were subject to the same or similar hazards.

The majority equates this case with *Sorenson v. Visser*, 558 N.W.2d 773 (Minn.App. 1997). In *Sorenson*, this court determined that the driver of a backhoe digging a trench was "not subject" to the same or similar hazards as the person uncovering a water line and giving directions to the backhoe driver while standing in the trench. *Id.* at 775–76. There, the individual in the trench was injured by a chunk of clay that broke off from the side of the trench. *Id.* at 774. This court noted that the person in the trench was subject to possible trench cave-ins and other injuries related to being in the trench and that the backhoe driver was not subject to these hazards. *Id.* at 776.

On the other hand, here both Lyrek and Olson were exposed to risk of injury from the backhoe. Unlike in *Sorenson*, the backhoe did not knock clay or dirt on Olson (a risk the backhoe driver was not exposed to). Instead, the backhoe tipped, injuring both Olson and Lyrek, the backhoe operator. Olson was pinned beneath the backhoe, and Lyrek was thrown from the backhoe. Both were injured as a result of the same incident by the same instrumentality. *See O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 897 (Minn. 1996) (concluding although hazards not *identical*, employees were subject to similar hazards). Thus, Lyrek and Olson were exposed to a "same or similar hazard[ ]." *McCourtie*, 253 Minn. at 506, 93 N.W.2d at 556. Both men were working on the same project, on the same portion of that project (laying pipe). Both were injured at exactly the same time by exactly the same hazard, a tipped backhoe. All three elements of common enterprise were met here, and the district court erred in denying Lyrek's motion for summary judgment.