*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-1368

Richard O. Erickson, et al.,
Respondents,

vs.

Neatons' Crane Service, Inc.,
Appellant,

Capstone Homes, Inc.,
Defendant

and

Neatons' Crane Service, Inc., et al.,
Third Party Plaintiffs,

vs.

Schmidt Industries, Inc.,
Third Party Defendant.

**Filed June 8, 2015**
**Affirm in part and dismiss in part**
**Peterson, Judge**

Anoka County District Court
File No. 02-CV-13-2303

Christopher J. Hoffer, David M. Bolt, Bolt Hoffer Boyd Law Firm, Coon Rapids, Minnesota (for respondents)

Paula D. Vraa, Mark A. Solheim, Jennifer L. Young, Larson King LLP, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Worke, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from the denial of appellant crane-service company's motion for summary judgment, appellant argues that, because respondent construction worker received workers' compensation benefits for his injuries, respondents' personal-injury action against appellant is barred under the common-enterprise doctrine and the loaned-servant doctrine. Because there is a genuine issue of material fact regarding the common-enterprise doctrine, we affirm the denial of appellant's motion for summary judgment under the common-enterprise doctrine. But, because the denial of appellant's motion for summary judgment under the loaned-servant doctrine is not immediately appealable, we do not consider appellant's argument that respondents' action is barred under the loaned-servant doctrine.

**FACTS**

Respondents Richard O. Erickson and Heather Meysembourg brought this personal-injury action against appellant Neatons' Crane Service, Inc.[1] after Erickson was injured at a construction site. Respondents' complaint asserts that Erickson was injured while

---

[1] The action was brought against Michael Neaton and Neaton's Crane Service, Inc., and Michael Neaton was originally a party to this appeal. Michael Neaton has been dismissed from the appeal.

working on a residential construction project for his employer, Schmidt Industries, Inc., in Blaine, MN. Defendant Neaton, sole owner and employee of Defendant Neatons' Crane Service, Inc., was operating a crane at the same construction site. Defendant Neaton caused a roofing truss to bump into Plaintiff Erickson which caused him to fall approximately 20-30 feet to the ground.

Erickson's employer, subcontractor Schmidt Industries, Inc., hired appellant as an independent contractor to do truss work on the project. The complaint was later amended to join Capstone Homes, Inc., the general contractor, as a defendant. Appellant asserted a third-party complaint against Schmidt Industries.

Appellant and Capstone Homes moved for summary judgment. Appellant argued that, because Erickson elected to receive workers' compensation benefits from his employer, he was barred from recovering damages in tort from appellant under either the loaned-servant doctrine or the common-enterprise doctrine. The district court concluded that there were genuine issues of material fact and denied the motion. The district court did not certify that the question presented is important and doubtful. This appeal followed.

**D E C I S I O N**

Generally, an order that denies a motion for summary judgment is not appealable if the district court has not certified that the question presented is important and doubtful. Minn. R. Civ. App. P. 103.03. But, "an order denying summary judgment in an employee's negligence action is immediately appealable when dismissal is sought based on the district court's lack of subject-matter jurisdiction." *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 831-32 (Minn. 1995).

3

*Common Enterprise*

Under the Workers' Compensation Act, an injured employee may seek workers' compensation benefits from the employer or sue a third party for damages, but not both, if the employer and the third party were engaged "in the due course of business in . . . furtherance of a common enterprise." Minn. Stat. § 176.061, subds. 1, 4 (2014); *LeDoux v. M.A. Mortenson Co.*, 835 N.W.2d 20, 22 (Minn. App. 2013). Because Erickson sought workers' compensation benefits from his employer, the Workers' Compensation Act provides his exclusive remedy if appellant and Schmidt Industries were engaged in a common enterprise. "Where the [Workers' Compensation] Act provides the employee's exclusive remedy, the district courts have no jurisdiction." *McGowan*, 527 N.W.2d at 833.

Appellant argued in the district court that, because Erickson elected to receive workers' compensation benefits from his employer and appellant and Schmidt Industries were engaged in a common enterprise, respondents' exclusive remedy is under the workers' compensation act, and the district court had no subject-matter jurisdiction over this case. Thus, appellant's motion under the common-enterprise doctrine sought dismissal based on the district court's lack of subject-matter jurisdiction, and the denial of appellant's motion is immediately appealable.

On appeal from a denial of summary judgment, this court determines whether any genuine issues of material fact exist and whether the district court erred in applying the law. *Mumm v. Mornson*, 708 N.W.2d 475, 481 (Minn. 2006); *see* Minn. R. Civ. P. 56.03.

4

In reviewing the denial of summary judgment, this court "consider[s] the evidence in the light most favorable to the nonmoving party." *Mumm*, 708 N.W.2d at 481.

To be engaged in a common enterprise, (1) the employer and the third party must be engaged on the same project, (2) their employees must be working together on a common activity, and (3) the employees must be exposed to the same or similar hazards. *LeDoux*, 835 N.W.2d at 22. The parties agree that the first two factors are met and that the third factor is determinative.

"The same or similar hazards requirement does not demand exposure to identical hazards, only similar hazards." *Olson v. Lyrek*, 582 N.W.2 582, 584 (Minn. App. 1998), *review denied* (Minn. Oct. 20, 1998). "In determining whether workers are exposed to similar hazards, [courts] make a comparison of the general risks to which workers are exposed as a result of the tasks being performed." *Id*. "The focus . . . is not on the instrument that caused the injury. It is the exposure to common hazards, not their mutual creation, which makes the election of remedies provision applicable." *Id*. (quotation omitted).

The district court concluded: "Regarding Neaton on the common enterprise, I think there's enough factual dispute about whether the framers and crane operator were subject to the same hazard, so I think that's at issue for trial." There was conflicting testimony about the general risks that the framers and the crane operator were exposed to when installing roof trusses.

The foreman at the work site acknowledged during his deposition that the number one hazard of doing truss installation is "working from an elevated surface." The

5

foreman testified that both the framers and the crane operator were exposed to a falling hazard because the crane operator could fall out of his crane, but he acknowledged that the falling hazard faced by the crane operator is "[n]ot the same hazard as the guys who are in the house that are going to set the truss." The owner of Schmidt Industries and the foreman both testified that a framer and the crane operator faced the same hazard created by a truss in the air, which could hurt either if it fell.

Viewed in the light most favorable to respondents, the evidence presents a material fact issue as to what hazards the framers and the crane operator were exposed to when installing roof trusses. Consequently, the district court did not err in determining that whether a common enterprise existed is an issue for trial, and we affirm the district court's denial of Neaton's summary-judgment motion.

*Loaned Servant*

It is well established that an employer is subject to vicarious liability for the tortious conduct of an employee that is within the course and scope of the employment. *Ismil v. L.H. Sowles Co.*, 295 Minn. 120, 123, 203 N.W.2d 354, 357 (1972). Under the loaned-servant doctrine, if an employee of one employer is loaned to another employer, the liability for the employee's negligent acts shifts from the lending employer to the borrowing employer. *Id*. Appellant argues that, as a matter of law, Michael Neaton was a loaned servant of Schmidt Industries.

But this argument demonstrates that appellant's motion for summary judgment under the loaned-servant doctrine did not seek dismissal based on the district court's lack of subject-matter jurisdiction. Appellant's motion sought dismissal based on appellant's

6

assertion that respondents' action was barred because the evidence presented demonstrated, as a matter of law, that under the loaned-servant doctrine, Schmidt Industries, not appellant, was liable for Michael Neaton's negligence. Rather than arguing that the district court lacked jurisdiction under the loaned-servant doctrine, appellant's motion sought a decision by the district court that applied the loaned-servant doctrine. Consequently, the denial of appellant's motion under the loaned-servant doctrine is not appealable, and we will not consider whether respondents' action is barred under the loaned-servant doctrine.

**Affirmed in part and dismissed in part.**