AON CORPORATION, et al., Respondents,

v.

Paul B. HASKINS, et al., Co–Appellants,

Lockton, Inc., et al., Appellants.

No. A12–0495.

Court of Appeals of Minnesota.

June 27, 2012.

J. David Jackson, Andrew Brantingham, Dorsey & Whitney LLP, Minneapolis, MN, for respondents.

Joseph M. Sokolowski, Lindsay J. Sokolowski, Krista A.P. Hatcher, Pamela Abbate–Dattilo, Fredrickson & Byron, P.A., Minneapolis, MN, for co-appellants and appellants.

Considered and decided by JOHNSON, Chief Judge; KLAPHAKE, Judge; and LARKIN, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

The question before the court is whether a party to a district court action may obtain immediate appellate review of a nonappealable order by filing a notice of related appeal if that party is neither an appellant nor a respondent on appeal but is aligned with an appellant that has obtained immediate appellate review of a nonfinal order pursuant to the collateral order doctrine. We conclude that a notice of related appeal generally may not be used in this way to obtain immediate appellate review of a nonappealable order.

In the underlying district court action, there are two plaintiffs, Aon Corporation and Aon Risk Services Central, Inc. (hereinafter, collectively, Aon), both of which sell insurance products and risk-management consulting services. There are five corporate defendants: Lockton, Inc.; Lockton Insurance Agency, Inc.; Lockton Companies, LLC; Lockton Management, LLC; and Kansas City Series of Lockton Companies, LLC (hereinafter, collectively, Lockton), which also sell insurance products and risk-management consulting services. And there are three individual defendants: Paul B. Haskins, Jeffrey J. Herman, and Frederick O. Flemig, who are former employees of Aon and present employees of Lockton.

In the complaint, Aon alleged claims of breach of contract and breach of fiduciary duty against the individual defendants, claims of tortious interference against Lockton, and claims of unfair competition and civil conspiracy against all defendants. Aon's claims are based on allegations that Lockton opened an office in Minnesota, hired the individual defendants away from Aon, and began doing business with customers of Aon.

In the district court, Lockton and the individual defendants, who are represented by the same attorneys, moved to dismiss the complaint for failure to state a claim upon which relief may be granted. *See* Minn. R. Civ. P. 12.02(e). Four of the

Lockton defendants (all but Kansas City Series of Lockton Companies, LLC) moved to dismiss the action for lack of personal jurisdiction. *See* Minn. R. Civ. P. 12.02(b). The district court denied both motions to dismiss. With respect to the second motion, the district court concluded that the four Lockton movants had waived the defense of lack of personal jurisdiction.

The four Lockton movants filed a notice of appeal from the part of the district court order that denied their motion to dismiss for lack of personal jurisdiction. The clerk of appellate courts designated those parties as appellants. On the same day, the remaining defendants (the individual defendants and Kansas City Series of Lockton Companies, LLC) filed a notice of related appeal (NORA) from the part of the district court order that denied their motion to dismiss for failure to state a claim. The clerk of appellate courts designated the parties who filed the NORA "co-appellants."

Aon filed a motion to dismiss the related appeal on the ground that the part of the district court order that denied the motion to dismiss for failure to state a claim is not appealable as a matter of right. Co-appellants responded to the motion, and Aon submitted a reply.

### DECISION

Respondents argue that co-appellants' related appeal must be dismissed because it seeks immediate appellate review of a nonappealable order by way of a NORA, which respondents argue is not the proper procedure in these circumstances if the party that filed the NORA is not a respondent to the appeal.

### A.

■ As a general rule, an order denying a motion to dismiss is not immediately appealable as of right. *See* Minn. R. Civ. App. P. 103.03; *Kokesh v. City of Hopkins*, 307 Minn. 159, 161, 238 N.W.2d 882, 884 (1976). An order denying a motion to dismiss for lack of personal jurisdiction, however, is immediately appealable as a matter of right pursuant to Minn. R. Civ. App. P. 103.03(j). *Hunt v. Nevada State Bank*, 285 Minn. 77, 88–89, 172 N.W.2d 292, 299–300 (1969); *see also McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 832 (Minn.1995) (motion for summary judgment based on lack of subject-matter jurisdiction); *Anderson v. City of Hopkins*, 393 N.W.2d 363, 363–64 (Minn. 1986) (motion for summary judgment based on governmental immunity).

■ The rationale for immediate appealability of an order denying a motion to dismiss for lack of jurisdiction is that a defendant should not be required to assume the burdens of litigation and trial if jurisdiction is lacking. *See, e.g., McGowan*, 527 N.W.2d at 832. In articulating this rationale, the Minnesota Supreme Court borrowed from the federal collateral order doctrine. *See id.* The collateral order doctrine permits immediate appellate review of a small class of rulings that do not conclude the litigation but conclusively resolve important "claims of right separable from, and collateral to, rights asserted in the action" and are effectively unreviewable on appeal from a final judgment. *Will v. Hallock*, 546 U.S. 345, 349, 126 S.Ct. 952, 957, 163 L.Ed.2d 836 (2006); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 687–88, 121 L.Ed.2d 605 (1993). Thus, in this case, appellants may appeal, as of right, from the part of the district court order that denied their motion to dismiss for lack of personal jurisdiction. *See Hunt*, 285 Minn. at 88–89, 172 N.W.2d at 299–300.

An order denying a motion to dismiss for failure to state a claim is not immedi-

ately appealable as a matter of right, unless the district court has certified that a question presented in the order is important and doubtful. *See* Minn. R. Civ.App. P. 103.03(f); *McGowan,* 527 N.W.2d at 832. In this case, the district court did not certify an important and doubtful question. Thus, co-appellants may not appeal, as of right, from the part of the district court order that denied their motion to dismiss for failure to state a claim.

Respondents' motion to dismiss co-appellants' related appeal is based on the general rules stated above. In response, co-appellants contend that they are entitled to obtain immediate appellate review of part of the district court's order by way of a NORA because appellants filed a timely and proper appeal from another part of the same order and because the rules of civil appellate procedure permit other parties to raise additional issues for appellate review.

### B.

◼ Co-appellants wish to obtain immediate appellate review of the district court's denial of their motion to dismiss by way of a NORA. The rule governing related appeals states, "After one party timely files a notice of appeal, any other party may seek review of a judgment or order in the same action by serving and filing a notice of related appeal." Minn. R. Civ. App. P. 103.02, subd. 2. This language was added to rule 103.02 in 2009, thereby replacing the notice-of-review procedure that previously was governed by Minn. R. Civ. App. P. 106. *See* Minn. R. Civ.App. P. 103.02, 2009 advisory comm. cmt. At the same time, rule 106 was amended so that it now provides, "After an appeal has been filed, respondent may obtain review of a judgment or order entered in the same underlying action that may adversely affect respondent by filing a notice of related

appeal in accordance with Rule 103.02, subdivision 2, and Rule 104.01, subdivision 4." Minn. R. Civ.App. P. 106.

Co-appellants contend that they may obtain immediate appellate review because of this court's opinion in *Kostelnik v. Kostelnik,* 367 N.W.2d 665 (Minn.App.1985), *review denied* (Minn. July 26, 1985), in which we held that a respondent could obtain appellate review of an otherwise nonappealable order by way of a notice of review filed pursuant to the former Minn. R. Civ. App. P. 106. *Id.* at 669. Co-appellants read *Kostelnik* too broadly. Our opinion in that case does not stand for the proposition that a notice of review or a NORA *always* may be used to obtain appellate review of an otherwise nonappealable order. Rather, we reasoned that the appellant had forced the respondent to participate in appellate proceedings such that the respondent should be permitted to obtain appellate review of another issue so that the matter could be heard in its entirety, even if the issues raised by the respondent were not independently appealable. *Kostelnik,* 367 N.W.2d at 669. The rationale of *Kostelnik* does not apply in the present case because co-appellants were not forced by another party to participate in this appeal. The notice of review in *Kostelnik* was filed by the respondent, *i.e.,* a party who already had a direct interest in the appeal because she was responding to the arguments raised by the appellant pursuant to the notice of appeal. *Id.; see also* Minn. R. Civ.App. P. 143.01 (defining "respondent" as party "adverse" to appellant). In addition, the notice of appeal in *Kostelnik* was filed after final judgment, not at an interlocutory stage of the district court proceedings. 367 N.W.2d at 668. There simply is no authority in Minnesota supporting co-appellants' position that, as a matter of right, a party aligned with an appellant may obtain immediate appellate review of a nonappealable order. A

NORA is a means of initiating a related *appeal*, which means that rule 103.02, subdivision 2, must be read in conjunction with rule 103.03, which enumerates the limited categories of appealable judgments and orders.

Co-appellants contend that the new NORA procedure is broader than the prior notice-of-review procedure. They emphasize the language in the rule providing that "*any other party* may seek review of a judgment or order in the same action by serving and filing a notice of related appeal." Minn. R. Civ.App. P. 103.02, subd. 2 (emphasis added). But the comments of the 2009 advisory committee are focused on a *respondent's* right to obtain appellate review of additional issues; those comments do not express any intention to extend the rights of parties other than the respondent on appeal. *See* Minn. R. Civ. App. P. 106, 2009 advisory comm. cmt. In fact, the comments make clear that "[t]he new procedure is not intended to change the scope of appellate review." *Id.* Co-appellants' argument, if adopted, certainly would expand the scope of appellate review.

Notwithstanding co-appellants' emphasis on the broad "any other party" language of rule 103.02, subdivision 2, other language in that rule demonstrates that a co-appellant's right to appellate review is not as broad as that of a respondent. The rule states that "any other party may *seek* review of a judgment or order in the same action by serving and filing a [NORA]." Minn. R. Civ.App. P. 103.02, subd. 2 (emphasis added). This language is different from the language of rule 106, which states that a "respondent may *obtain* review of a judgment or order entered in the same underlying action that may adversely affect respondent by filing a [NORA]." Minn. R. Civ.App. P. 106 (emphasis added). The difference in language is mean-

ingful. The relevant definition of the word "seek" is to "endeavor to obtain or reach." *The American Heritage Dictionary* 1633 (3d ed.1992). The primary definition of the word "obtain" is to "succeed in gaining possession of as the result of planning or endeavor." *The American Heritage Dictionary* 1250 (3d ed.1992). Thus, rule 103.02, subdivision 2, allows a co-appellant to *seek* appellate review of a nonappealable order by filing a NORA but does not necessarily allow a co-appellant to *obtain* appellate review of a nonappealable order, as of right, simply by filing a NORA.

## C.

■ The difference in language between rule 103.02, subdivision 2, and rule 106 may be explained by federal caselaw concerning the situation in which a party seeks appellate review of an otherwise nonappealable order after an appeal is properly lodged pursuant to the collateral order doctrine. Because the Minnesota Supreme Court previously has applied federal caselaw concerning the collateral order doctrine to interpret the Minnesota Rules of Civil Appellate Procedure, that body of caselaw is useful in deciding the issue presented by respondents' motion. *See, e.g., Kastner v. Star Trails Ass'n,* 646 N.W.2d 235, 240 (Minn.2002); *McGowan,* 527 N.W.2d at 832.

The United States Supreme Court has held that the federal circuit courts of appeals should not accept review of additional issues in the present circumstances unless the additional issues are "inextricably intertwined" with the issues properly raised in the collateral-order appeal. *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 51, 115 S.Ct. 1203, 1212, 131 L.Ed.2d 60 (1995). The federal circuit courts have interpreted *Swint* to provide that an issue is "inextricably intertwined" with an issue properly presented by a col-

lateral-order appeal "only ... when the appellate resolution of the collateral appeal necessarily resolves the pendent claim as well," and "only if the pendent claim is coterminous with, or subsumed in, the claim before the court on interlocutory appeal." *Kincade v. City of Blue Springs,* 64 F.3d 389, 394 (8th Cir.1995) (quoting *Moore v. City of Wynnewood,* 57 F.3d 924, 930 (10th Cir.1995)); *see also Shannon v. Koehler,* 616 F.3d 855, 866 (8th Cir.2010); *Langford v. Norris,* 614 F.3d 445, 456–59 (8th Cir.2010).

Respondents contend that the issues raised by co-appellants' NORA are *not* inextricably intertwined with the issues raised by appellants' appeal. Co-appellants take the opposite position, that the issues raised by their NORA *are* inextricably intertwined with the issues raised by appellants' appeal. More specifically, co-appellants contend that the issues raised by their NORA are "interrelated" with the issue of personal jurisdiction because appellants' alleged conduct (contributing to the individual defendants' alleged breaches of their duties) arguably established minimum contacts with the forum state so as to justify the exercise of personal jurisdiction.

The district court denied appellants' motion to dismiss for lack of personal jurisdiction on the ground that appellants had waived the right to assert that defense. The district court denied co-appellants' motion to dismiss for failure to state a claim for reasons that are unrelated to whether appellants waived the defense of lack of personal jurisdiction. The issue presented by appellants' collateral-order appeal does not necessarily resolve the issues presented by co-appellants' related appeal. *See Kincade,* 64 F.3d at 394. Likewise, the issues presented by co-appellants' related appeal are not "coterminous with, or subsumed in" the issue presented by appellants' collateral-order appeal. *See id.* Thus, the issue in appellants' appeal and the issues in co-appellants' related appeal are not inextricably intertwined.

In sum, because the part of the district court order denying co-appellants' motion to dismiss for failure to state a claim is not immediately appealable as a matter of right under Minn. R. Civ.App. P. 103.03, and is not immediately appealable pursuant to Minn. R. Civ.App. P. 103.02, subd. 2, we grant respondents' motion to dismiss co-appellants' related appeal.

**Motion granted.**