**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0782**

Kie Vang,
Respondent and Cross-Appellant,

vs.

Joshua Paul Forsman,
Cross-Respondent,

Ely Chamber of Commerce,
Cross-Respondent,

City of Ely,
Appellant,

Minnesota State Colleges and Universities Board of Trustees,
Cross-Respondent.

**Filed August 1, 2016
Notice of related appeal dismissed
Cleary, Chief Judge**

St. Louis County District Court
File No. 69VI-CV-14-444

Arlo H. Vande Vegte, Neil G. Clemmer, Dovolas & Vande Vegte, PLLC, Plymouth, Minnesota (for respondent and cross-appellant Vang)

Patrick L. Arneson, League of Minnesota Cities, St. Paul, Minnesota (for appellant City of Ely)

Considered and decided by Cleary, Chief Judge; Halbrooks, Judge; and Johnson, Judge.

A respondent's notice of related appeal (NORA) under Minn. R. Civ. App. P. 106 is not authorized in an appeal under the collateral-order doctrine, unless the NORA is limited to issues that are inextricably intertwined with the collateral-order issue, or the NORA is taken from an order or judgment that is independently appealable under Minn. R. Civ. App. P. 103.03.

## SPECIAL TERM OPINION

**CLEARY**, Chief Judge

This appeal arises from a personal-injury action brought by respondent Kie Vang (Vang) against the City of Ely (the City), the Ely Chamber of Commerce (the Chamber), the Minnesota State Colleges and Universities Board of Trustees (MnSCU), and Joshua Paul Forsman (Forsman). On March 8, 2016, the district court issued an order ruling on the parties' cross-motions for summary judgment. The City filed a direct appeal under the collateral-order doctrine from the part of the March 8, 2016 order that denies the City's motion for summary judgment based on statutory discretionary immunity under Minn. Stat. § 466.03 (2014).

Vang filed a NORA under Minn. R. Civ. App. P. 106, challenging other rulings made in the March 8, 2016 order, including the dismissal of Vang's claims against MnSCU, the district court's ruling that Forsman was not an agent of the joint enterprise between the City and the Chamber, and the district court's determination of the duty of care that the City and the Chamber owed to Vang. We questioned whether the additional

2

issues raised in Vang's NORA are properly before this court in the City's interlocutory appeal under the collateral-order doctrine. Vang and the City filed informal memoranda.

## DECISION

Vang argues that, as a respondent to the City's direct appeal, he is entitled to challenge the district court's adverse rulings by filing a NORA under Minn. R. Civ. App. P. 106. The City contends that the strict requirements for immediate appeal of an interlocutory order under the collateral-order doctrine apply to a NORA, as well as to a direct appeal.

### A.

An appeal may be taken from such orders or decisions as may be appealable under the decisions of the Minnesota appellate courts. Minn. R. Civ. App. P. 103.03(j). Generally, an order denying a motion for summary judgment is not appealable. *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 832 (Minn. 1995). Our supreme court adopted the federal collateral-order doctrine as the "analytical framework to assess the immediate appealability of an order or judgment not specifically identified in the Rules of Civil Appellate Procedure." *Kastner v. Star Trails Ass'n*, 646 N.W.2d 235, 240 (Minn. 2002).

For the collateral-order doctrine to apply, the order at issue must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 688 (1993). A district court order or judgment that satisfies the

3

three-part collateral-order analysis is subject to immediate appellate review. *Kastner*, 646 N.W.2d at 240.

An order denying a municipality's summary-judgment motion based on immunity is appealable under the collateral-order doctrine. *Id.* The part of the March 8, 2016 order denying the City's motion for summary judgment based on statutory discretionary immunity is appealable. The City's appeal is limited to the immunity issue, and does not involve the merits of Vang's claims. But Vang's NORA issues do involve the merits of his claims and are unrelated to the City's immunity issues. Vang's NORA is not taken from an order or judgment that is independently appealable. *See* Minn. R. Civ. App. P. 103.03 (listing appealable orders and judgments); *Olmscheid v. Paterson*, 425 N.W.2d 312, 313 (Minn. App. 1988) (holding that a partial judgment is not immediately appealable unless entered pursuant to an order that contains the express determination required by Minn. R. Civ. App. P. 104.01 and Minn. R. Civ. P. 54.02).

**B.**

We next address whether Vang is entitled to raise his NORA issues under Minn. R. Civ. App. P. 106 despite the limited scope of a collateral-order appeal. The general rule governing the NORA states that after one party timely files a notice of appeal, any other party may "seek" review of a judgment or order in the same action by serving and filing a NORA. Minn. R. Civ. App. P. 103.02, subd. 2. A separate appellate rule governs a respondent's right to obtain review. After an appeal has been filed, respondent may "obtain" review of a judgment or order entered in the same underlying action that may

4

adversely affect respondent by filing a NORA in accordance with rule 103.02, subdivision 2, and rule 104.01, subdivision 4. Minn. R. Civ. App. P. 106.

The party appealing is known as the appellant, relator, or petitioner, and the "adverse party" as the respondent. Minn. R. Civ. App. P. 143.01. Vang is an adverse party and therefore a respondent to the City's appeal. As a respondent, Vang's right to obtain review of additional issues is governed by Minn. R. Civ. App. P. 106.

In an appeal under the collateral-order doctrine, a party to a district court action who is neither an appellant nor a respondent on appeal but is aligned with an appellant may not obtain immediate appellate review of an otherwise nonappealable order by filing a NORA pursuant to Minn. R. Civ. App. P. 103.02, subd. 2, unless the nonappealable order presents issues that are inextricably intertwined with the issues properly presented by an appellant's appeal. *Aon Corp. v. Haskins*, 817 N.W.2d 737, 742 (Minn. App. 2012). In *Aon*, we noted that rule 103.02, subdivision 2, allows a co-appellant to seek appellate review of a nonappealable order by filing a NORA, but in contrast to rule 106, "does not necessarily allow a co-appellant to obtain appellate review of a nonappealable order, as of right, simply by filing a NORA." *Id.* at 741 (emphasis omitted).

Vang argues that *Aon* is distinguishable because he is a respondent, not a co-appellant, and his right to obtain review of adverse rulings is governed by Minn. R. Civ. App. P. 106. Caselaw on the scope of the former notice of review holds that Minn. R. Civ. App. P. 106 "does not condition the right to file a notice of review on the order being an appealable order as to respondent." *Kostelnik v. Kostelnik*, 367 N.W.2d 665, 669 (Minn. App. 1985), *review denied* (Minn. July 26, 1985). The supreme court cited

5

*Kostelnik* with approval in holding that a respondent is not excused from the requirement to file a notice of review on the ground that the order that was adverse to respondent was not independently appealable. *Arndt v. Am. Family Ins. Co.*, 394 N.W.2d 791, 793-94 (Minn. 1986).

The 2009 amendments to the rules of civil appellate procedure "abolish the former notice of review, replacing it with the [NORA] for all situations where a respondent seeks appellate review of a trial court decision." Minn. R. Civ. App. P. 106 2009 advisory comm. cmt. The new NORA procedure is not intended to change the scope of appellate review and is not meant to expand what can be reviewed on appeal or to limit that review. *Id.* Because the new NORA procedure does not change the scope of appellate review, the caselaw holding that the right to file a notice of review is not conditioned on the order being an appealable order as to respondent also applies to a NORA.

The federal circuit courts of appeal should not accept review of additional issues in an immunity appeal under the collateral-order doctrine unless the additional issues are "inextricably intertwined" with the issues properly raised in the collateral-order appeal. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51, 115 S. Ct. 1203, 1212 (1995). Accordingly, federal courts have dismissed cross-appeals from orders that are not either independently appealable or inextricably intertwined with the collateral-order appeal. *See, e.g.*, *Mitchell v. Shearrer*, 729 F.3d 1070, 1073 (8th Cir. 2013) (dismissing cross-appeal for lack of jurisdiction on the ground that a district court had not issued a final decision and the cross-appeal issue was not inextricably intertwined with the immunity issue raised by the collateral-order appeal); *Breakthrough Mgmt. Group, Inc. v.*

*Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1197-99 (10th Cir. 2010) (dismissing cross-appeal for lack of jurisdiction on the ground that the cross-appeal issue was not closely related to the sovereign-immunity issue raised by the collateral-order appeal); *Doe v. Holy See*, 557 F.3d 1066, 1075-76 (9th Cir. 2009) (dismissing cross-appeal on the ground that it did not raise issues inextricably intertwined with immunity issue raised by the direct collateral-order appeal); *see also Meier v. City of Columbia Heights*, 686 N.W.2d 858, 867 (Minn. App. 2004) (declining to review issues raised by a respondent in a notice of review, where those issues were not immediately appealable or inextricably intertwined with the immunity issue raised by the direct collateral-order appeal), *review denied* (Minn. Dec. 14, 2004).

The requirements for an interlocutory appeal under the collateral-order doctrine apply to a NORA as well as to a direct appeal.  Vang's NORA is unauthorized because it raises issues that are unrelated to the direct collateral-order appeal and is not taken from an order or judgment that is independently appealable under Minn. R. Civ. App. P. 103.03.

**Notice of related appeal dismissed.**